Blake
*vs.*
Johnson.

---

CHESHIRE, OCTOBER TERM, 1817.

### NATHANIEL A. HAVEN ET AL. *versus* JOHN CRAM.

A constable who had sold part of a lot of land, for taxes, described it in his deed as follows : " A certain tract of land, part of lot No. 300, containing two hundred and fifty acres." The deed was held to be void, for uncertainty.

THIS was a writ of entry, in which the plaintiffs demanded seizin of a tract of land in *Unity*, and counted upon their own seizin and a disseizin by the tenant.

The cause was tried upon the general issue, at October term, 1816, in this county. The plaintiffs made out a regular title under *Benning Wentworth*, the original grantee of the land. The defendant set up a title under a sale of the de-

Haven & al.
*vs.*
Cram.

manded premises at vendue, for taxes in 1813, by the constable of *Unity ;* and the question raised upon the defendant's title was, as to the validity of the constable's deed. The lot taxed, of which the demanded premises were part, contained about four hundred acres, and the description in the constable's deed of the land by him conveyed was as follows : " A certain tract of land, part of lot No. 300, containing two hundred and fifty acres." The plaintiffs contended that the deed was void, for uncertainty ; and a verdict was taken for the plaintiffs, subject to the opinion of the court upon the validity of that deed.

*J. C. Chamberlain,* for the demandants.

*G. B. Upham,* for the tenant.

*Per curiam.* The deed of the constable is clearly void, for uncertainty, unless it can be construed to be a grant of two hundred and fifty acres, to be located by the grantee at his election. In a common conveyance from one individual to another, the court would be warranted in putting such a construction upon a deed. *Bac. Ab.,* " *Grant*" *H.* 3. Because every deed is to be construed most favorably to the grantee ; and, therefore, to give effect to the conveyance, the deed is construed to give an election in such a case to the grantee to locate the land.

But in *England* such a grant by the king would be void. *Bacon's Ab.* " *Grant*" *H.* 3. Because the grants of the king are always construed most favorably to him, and against the grantee ; and his grants are never construed to ensure to any other intent than what is precisely expressed. 2 *Bl. Com.* 347.

The grants of an officer acting on behalf of the public, and conveying lands not his own, by virtue of a public law, are within the reason of the rule applied in *England* to the king's grants, and ought not to be construed against him ; nor ought they to be held to ensure to any intent not precisely expressed. The reason of the rule which is applied to ordinary grants, does not exist in such a case. Should we

in this case construe this deed to give the grantee an election
to locate the land, the law would give him during the life of
the parties at least to make his election : *Co. Litt.* 145 :
which would be an inconvenience to the owner of the lot,
which the law will not in our opinion tolerate. (1.)  We are,
therefore, of opinion that the deed of the constable was void,
and that judgment must be entered upon the verdict.

Haven & al.
*vs.*
Cram.

(1) 13 Johnson
525, Jackson *vs.*
Van Buren ; 13
Johnson,  537,
Jackson *vs.* De-
lany.