## Timothy Darling *versus* Robert Crowell.

In a grant of land, excepting one acre and one half acre reserved for the use and flowing of water for a mill, the exception was held void for uncertainty. Both a grant and exception are to be construed most favourably to the gran tee.

This was a writ of entry wherein the plaintiff demanded seizin and possession of one acre and one half acre of land situate in Boscawen which he describes by metes and bounds. To sustain this declaration the plaintiff offered a deed from himself to one Moody Whiting, dated the 21st day of July, 1807, conveying "a certain tract of land, situated in Boscawen, containing about fifty acres,

being part of the westerly half of the farm, that was laid out to one Benjamin Bird, viz. all that part of the farm which lies on the easterly side of Blackwater river, excepting one acre, and one half acre, which is reserved for the use and flowing of water for the mill."

The said Whiting, on the 6th of September, 1810, conveyed the said tract of fifty acres without any reservation whatsoever, and the tenant has by several mesne conveyances the title of said Whiting to five acres, part of the said fifty acres, and including the land described by metes and bounds in the plaintiff's writ.

At the time of the conveyance from the plaintiff to said Whiting there was, and ever since has been, a mill situate on the said Blackwater river below the tenant's land, the dam of which causes the water to set back, and overflow a part of the demanded premises, and has so done without any interruption, or interference on the part of the tenant, or any person under whom he claims.

The said Whiting, and his grantees, have been in the actual possession of the said fifty acres of land, since the conveyance to him by the plaintiff in 1807, with the exception of the flowing of the land as above named, but the plaintiff has from time to time made a claim to one acre and a half acre of land, by virtue of the exception and reservation in his deed as aforesaid.

The parties agree that if the court is of opinion that the demandant is entitled to recover, the question as to the increased value shall be submitted to a jury, and judgment be rendered for the demandant, but if the court should be of a different opinion judgment is to be rendered for the tenant.

*Smith*, for demandant.

*H. Chase & Harris*, for tenant.

UPHAM, J. delivered the opinion of the court.

In this case the demandant claims a certain tract of land, consisting of one acre and a half acre which he

sets forth by metes and bounds in his writ, and the parties, in their agreed statement of facts, admit that the title to the land is in the demandant, unless he conveyed all his interest therein to one Moody Whiting, by deed of 21st of July, 1807, under which deed the tenant now sets up his claim.   The land conveyed in this deed is described as follows, " a certain tract, or parcel of land situate in Boscawen, containing about fifty acres, being part of the westerly half of the farm, that was laid out to Benjamin Bird, viz. all that part of the said farm which lies on the easterly side of Blackwater river, excepting one acre, and one half acre, which is reserved for the use and flowing of water for the mill."

Under this exception in the deed the demandant claims the one acre, and one half acre located by him in his writ, and the question is whether this portion of the land, so excepted by him, in his conveyance, retains any title to the premises in the demandant.

An exception is defined to be a clause in a deed whereby the feoffor, donor, lessor, &c. doth except somewhat out of that which he had granted before by his deed.—Plowd. 361, 195 ; Dyer, 59 ; Co. Lit. 47 ; Pet. Ab. 7, 673.   But the exceptions must be by apt words ; for example : if a man grant all his lands in Essex saving or except his lands in Dale ; or all his lands in Dale excepting one house, or one acre in certain ; these, and such like exceptions, are good.   Plowd. 195 ; Perk. Sec. 641 ; Dyer 103 ; Plowd. 104, 361, 67 ; Co. 8, 63 ; 11, 47 ; 5, 11 ; Perk. Sec. 642.

And if one grant a manor, excepting one tenement, parcel of the manor, or excepting one close, or excepting twenty acres of wood, or, excepting all the gross wood, these are good exceptions.   And if one grant land, excepting the timber trees thereupon ; or if a man sell a wood, excepting twenty of the best oaks, and show which in certain these are good exceptions.   Co. 8, 63 ; 5, 23.

But there are various requisites laid down which are essential to the validity of an exception out of a grant. It must be of such a thing as is severable from the thing granted. If the exception be of an inseparable incident, as if a manor be granted excepting the common which was appendant to the manor, it is void. Co. Lit. 142 a. It must be a part only of the thing granted ; must be a particular thing out of a general one ; and must be described with certainty. If the exceptions be not set down with precision, and accuracy ; as if one grant a house, excepting one chamber ; or grant a manor, excepting one acre ; but doth not set forth which chamber, or which acre ; the exceptions are void.

The rule, as respects certainty, seems to be the same as is laid down with regard to grants. In 1 Pick. 31, *Hall* v. *Leonard*, it is said, if a grant be made to a father, and his son, he having but one son, it is good ; but if the father have several sons, or if a grant be made to a man's cousin these are void for uncertainty, and in the case of *Hall & Leonard* it was decided that a grant to the heirs of an individual is void for uncertainty.

In *Haven* v. *Cram*, 1 N. H. Rep. 93, it was held that a constables' deed of a certain tract of land part of lot No. 300, containing 250 acres, was void—the lot consisting of 400 acres, and there being no location of the land conveyed. In this case the court held that the original grant was to prevail until the title was specifically divested, and is therefore in principle subject to the same construction as an exception out of a grant.

As a general rule, the burthen of proof lies upon him who sets up an exception, and it is a rule of law that both the grant, and exception are to be construed most favorably to the grantee.3 Johns. 387 ; 8 ditto, 394 ; 10 Co. 106 ; In the case of *Moore* v. *the Earl of Plymouth* which was trespass for breaking and entering plaintiff's close and shooting game, the defendant plead that the premises had been conveyed " excepting and reserving the free right of

hunting and hawking in, over, and upon any of the said premises," but the court held that the exception must be strictly pursued, and that shooting could not be justified under the license. 1 Moore, 346 ; 7 Taunt. 614 ; 7 Pet. Ab. 680.

Had the demandant conveyed the land, excepting one and an half acres, to be located at his election, he might perhaps have sustained this action had he located the land previous to commencing his writ of entry. In this case the tenant claims only five acres, parcel of the original fifty, and there is no reason, apparent from the conveyance, why the one and an half acres should be taken from this five, more than any other five acres of the grant. The grantor manifestly cannot elect to locate the land where he pleases.

But it is said, on the part of the tenant, that the purposes for which this exception was made are of such a nature as to locate the land. The exception is of one and an half acres of land, reserved for the use, and flowing of the mill. The case finds that a portion of the land has been flowed from the time of the original grant, and no objection has ever been made. How much of the land it might be advisable to retain for the use of the mill, or how much for purposes of flowing, or where in such case it would be located, it is impossible to tell, and the grantor cannot elect. While, therefore, the original grant is held good, the exception must be considered void for uncertainty.

There are a number of other points in the case which it will be unnecessary to determine. The tenant has been in possession of this land for more than twenty years, claiming title, and though it is said the demandant, from time to time made a claim to one and an half acres by virtue of this exception, it does not appear that he ever entered upon the land for this purpose, and it is not clear but the possession constitutes a good title.

Could the plaintiff have holden the land it is questionable whether he could maintain this action without first locating it, and there is some color of reason for the doctrine contended for by the counsel for the tenant, that this exception is only a reservation of an easement for the use, and flowing of the mill, and not technically an exception of the land, and if so, a writ of entry could not be maintained.

But these points it is unnecessary to determine. The first exception taken by the tenant's counsel overrules the exception in the deed, and as agreed by the parties

*Judgment must be rendered for the tenant.*