No. 6.—JOHN WHATLEY, tenant, &c. plaintiff in error, *vs.* DOE *ex dem.* JOSHUA NEWSOM and another, defendants in error.

[1.] Vendees, under judicial sales, shall not be put to the same proof in ejectment as in common cases of persons buying lands from individuals.

[2.] A purchaser at Sheriff's sale, has only to show his deed, the execution under which the land was sold, and prove title in the defendant, or possession since the rendition of the judgment, and the *onus prodandi* is cast upon the opposite party.

[3.] In a Sheriff's deed, the property must be described with reasonable certainty, and he can sell nothing under an execution, which the creditor cannot enable him so to describe.

Ejectment and motion for a new trial, in Macon Superior Court. Decided by Judge WARREN, March Term, 1851.

This bill of exceptions was filed to the decision of the Court below, on a motion for a new trial. One ground taken for a new trial was, that the Court erred in allowing the Sheriff's deed and execution to be read to the Jury, as evidence of original title in Whatley—objections being made thereto, on the ground that said Sheriff's deed was not original, and that the plaintiff must

show a legal title in Whatley, the *defendant in fi. fa.* at the time of the sale by the Sheriff.

This ground was overruled by the Court below, and is assigned as error.

Another ground taken for a new trial was, that the Court erred in overruling the motion for a non-suit, made by defendant, on the ground, that the deed from the Sheriff to the plaintiff, conveyed only the *interest* of Whatley, the defendant in *fi. fa.* in the premises, without specifying the quantity of interest owned by the defendant in *fi. fa.* and no evidence had been submitted to show what that interest was.

The evidence showed that the *fi. fa.* was levied on " all John Whatley's interest in lot of land, number not known, the place whereon said Whatley now lives, pointed out by John Mitchell." The deed to the purchaser professed to convey " the interest of John Whatley in lot of land No. 271, 1st district of said County," (Macon.)

The Court below overruled the motion for a new trial on this ground, and this is assigned as error.

Other grounds of error were assigned, but were not decided by this Court.

G. R. HUNTER, for plaintiff in error.

ROBINSON & MILLER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This was an action of ejectment, brought to recover the south half of lot No. 271, in what was originally the 1st district of Muscogee, now Macon County. A verdict having been rendered for the plaintiff for the premises, and one hundred and fifty dollars *mesne* profits, a new trial was moved for, on various grounds. I shall consider the two first only. The first, as it is an important point in practice; and the second, as it disposes finally of the case.

It is alleged that the Court erred—

*First*, in allowing the Sheriff's deed, and the execution under which the land was sold, to be read in evidence, as original title, it being insisted that the plaintiff must show a legal title in John Whatley, the defendant in execution, at the time of the sale by the Sheriff.

*Secondly*, in overruling the motion for a non-suit, on the ground that the Sheriff's deed to the premises in dispute, conveyed only the interest of Whatley, the debtor, without specifying what that interest was.

[1.] The practice in this State, has always been to treat the case of a purchaser, under a judicial sale, as materially different from the common cases of persons buying lands from individuals; nor does the law expect the same regular titles to be shown in the former as in the latter instances.

[2.] The policy of the law, therefore, declares, and it is consistent with the plainest common sense, that where a party relies on Sheriff's title, it is only necessary to produce the execution, with the sale under it, and the deed made in pursuance thereto, and prove either title in the defendant, or possession subsequent to the rendition of the judgment, and the burthen of proof is cast upon the opposite party, seeking to recover the land. It is for him to explain how such debtor came into possession, and under what title or pretext thereof, or claim, he obtained such possession, and, also, show a notoriety of claim on his part previous to the Sheriff's sale.

To require the purchaser to go further, would be to impose a burthen which, in the end, would prove highly injurious, both to debtor and creditor, as it would drive off bidders and purchasers from these public sales. The defendant's property being seized and sold against his will, it is not to be supposed that he will surrender up to the purchaser the muniments of his title. Hence, the analogous practice in claim cases, of requiring only of the plaintiff in *fi. fa.* to show either title in the defendant, or possession after the date of the judgment, and having thus established a *prima facie* case of liability, the *onus*, as before, is thrown upon the claimant.

[3.] But the main question in this case is, does the Sheriff's

deed sufficiently describe the land, so as to enable the purchaser to maintain ejectment for its recovery? We think not. The *interest* only of Whatley in the lot, was levied on and sold, and conveyed by the deed, without specifying what that interest was; whether a mere possession, a term, a fee, a succession, remainder, or any other estate, or whether in the whole or a part only of the land. Upon principle and policy, as well as authority, we are clear that this defect is fatal.

We would not be understood as maintaining that an *interest* cannot be sold; on the contrary, we can conceive of no interest belonging to the debtor, which may not be reached and made subject, either at Law or in Equity, and usually this may be done at Law. That is not the point. When the attempt is made to levy and sell that interest, should it not be described in such a way, as that the creditor, debtor and the public, may all be notified what it is that is selling.? A contrary practice may have obtained in some of the Circuits of the State, but believing as we do, that it is manifestly wrong, we feel bound to discountenance it.

In *Haven et al. vs. Cram*, (1 *N. H. Rep.* 93,) it was held, that a Constable's deed of a certain tract of land, part of lot No. 300, containing two hundred and fifty acres, was void—the lot consisting of four hundred acres, and there being no location of the land conveyed.

In *Darling vs. Crowell*, (6 *N. H. Rep.* 421,) in a grant of land excepting one-half, and one-half acre for the use and flowing of water for a mill, the *exception* was held void for uncertainty, for the reason that the part reserved was not described with sufficient precision and accuracy. If one grant a house, excepting one chamber, or a manor, except one acre, but doth not set forth which chamber or which acre, the exceptions are void for uncertainty.

*Simonds vs. Catlin*, (2 *Caine's Rep.* 61,) was a case of Sheriff's sale, which was set aside, and Judge *Kent*, in delivering the opinion of the Court, says: "Nor is there any certainty in the thing sold. It is stated to be all that farm or tract of land in Pompey, in the tenure and occupation of the defendant; but there is no kind of estimation of the quantity sold, nor in what part of the

town it lays, or how marked and bounded.  We do not mean to
be understood to say, that the deed or note, in writing, of the
Sheriff's sale, must be precise as to the quantity of acres, and
as to the metes and bounds, but the thing sold must, in all
cases, be specified with so much precision, as from the descrip-
tion it can be reduced to certainty, *and especially in the case of
Sheriff's sales;* for it was decided in *Jackson ex dem. Jones vs.
Striker,* (*October Term,* 1799,) that at such sales no property
could pass, but what was, at the time, ascertained and declared.
*This appears to us to be an excellent rule to prevent fraud and spe-
culation at such sales, and we should be sorry to see it impaired.*"

In *Jackson vs. Rosevelt,* (13 *Johns. Rep.* 97,) it was held, that a
Sheriff's deed to a purchaser, under an execution, describing the
premises sold, no otherwise than as " all the lands and tene-
ments of the defendants, situate, lying and being in˜the *Harden-
burg* patent," is void for uncertainty.  And the Court say, that
" To hold otherwise, might be attended with consequences de-
structive to the rights of the debtor.  No estimate of the value
of the lands offered for sale, could be made from this general
and indefinite description, and without some definite information
as to its situation, there must, generally, be a sacrifice of pro-
perty, either by the debtor or purchaser.  In most instances, if
not invariably, the former would experience the loss.  The offi-
cer ought to prevent such a consequence.  The least that can
be required of him in making the sale is, to locate the lands,
and to afford means to the bystanders and bidders of informing
themselves as to the value.  This was not done in the present
case.  The deed, therefore, given by the Sheriff, must be deem-
ed wholly inoperative, for want of sufficient description of the
premises alleged to have been sold, and if so, the purchaser had
no right to institute proceedings in partition under it."

Again, in *Jackson vs. DeLaney,* (*Ib.* 538,) it was decided *unan-
imously* by the Court of Errors of the State of New York, that
in a Sheriff's deed, the land sold must be described with rea-
sonable certainty, and that the officer can sell nothing under an
execution, which the creditor cannot enable him to describe ;
and Chancellor *Kent,* in delivering the opinion, says, " It appears

to me to be altogether inadmissible, that the property of a defendant should be swept away, on execution, in this loose, undefined manner. It would operate as a great oppression on the debtor, and lead to the most odious and fraudulent speculations. No person attending a Sheriff's sale, can know what price to bid, or how to regulate his judgment, if there be no specific or certain designation of the property. To tolerate such judicial sales, would be a mockery of justice; the Sheriff cannot sell any land on execution, but such as the creditor can enable him to describe with reasonable certainty, so that the people whom the law invites to such auctions, may be able to know where and what is the property they are about to purchase. The title, therefore, set up by the defendant, under the Sheriff's deed, must totally fail."

I should deem it an act of supererogation to discuss, at any great length, a question so plain and clear, both upon reason and adjudged cases. The judgment of the Court below, upon this ground, must be reversed.