JANE E. SIMMS *et al.*, plaintiffs in error, *vs.* WILLIAM R. PHILLIPS *et al.*, defendants in error.

1. Where an execution against the mother is levied upon property generally, in which the children have an interest, and neither the interest of the mother nor of the children, is clear and ascertained, the sale will be enjoined.

2. A levy upon property in which others besides the defendant are interested, must specify the interest levied on.

Trusts. Execution. Levy and sale. Before Judge HOPKINS. Fulton county. At Chambers, January 6th, 1874.

Jane E. Simms, the wife of Thomas G. Simms, and her minor children, Jane E. Simms, Emily C. Simms and Sallie T. Simms, by their next friend and uncle, Joel D. Simms, filed their bill for relief, account and injunction against Thomas G. Simms, William R. Phillips, Phillips & Flanders, and A. M. Perkerson, sheriff of said county, making, in brief, the following case:

Various sums of money and pieces of property were conveyed to Joel D. Simms in trust for Jane E. Simms and her children, by the mother and father-in-law of said Jane E. Subsequently, Thomas G. Simms succeeded Joel D. Simms, as trustee, and assumed possession of the estate. The property and money was thus placed in trust in order to protect it from the debts and liabilities of Thomas G. Simms, who was in an embarrassed condition. The trustee invested said funds in houses and lots in the city of Atlanta, sold the property and

repurchased other, speculated with the funds as his own, making large profits, until at length a portion thereof became invested in a lot in the city of Atlanta, on the corner of Forsyth and Grubb streets, and in a tract of land containing one hundred and twenty-four acres, being a part of the north half of land lot one hundred and sixty-two, and the north half of land lot one hundred and fifty-nine, in the fourteenth district of originally Henry now Fulton county, and the improvements thereon. The deeds to this property, either by mistake or from want of legal skill, were not written as intended, nor as the facts and the consideration required, but the title was conveyed for the separate use of Jane E. Simms, when her children should have been embraced therein at least upon equal terms with herself. In addition to this, complainants charge that a portion of the aforesaid trust funds and and property, which went into the hands of said Thomas G. Simms, was derived from the sale of certain lands in Coweta county, which were conveyed to the aforesaid minor children exclusively, by the will of their grand-father. They say that the proceeds of these lands, and the rents thereof, purchased the one hundred and twenty-four acres aforesaid, and that therefore the title to this property should have been taken to the minors aforesaid.

The complainant, Jane E. Simms, became a partner in the firm of J. L. Richmond & Company. Phillips & Flanders also agreed to become a partner in said concern. This last interest, though ostensibly in the name of Phillips & Flanders, was in reality the property of William R. Phillips. He became connected with said firm with a full knowledge of all the facts heretofore alleged as to the said trusts, and upon the express understanding that the complainant, Jane E. Simms, only risked the cash capital paid in by her. This business venture resulted in two judgments against J. L. Richmond & Company, *composed of J. L. Richmond and Jane E. Simms,* one in favor of William R. Phillips, for $3,500 00 principal, and $612 50 interest to June 20th, 1872, and the other in favor of Phillips & Flanders, for $4,025 70 principal, and

$634 04 interest to June 20th, 1872. The executions based upon these judgments have been levied upon the city lot, and the one hundred and twenty-four acres aforesaid, as the property of Jane E. Simms.

Prayer that the interests of the various *cestui que trusts* be established by the decree of the court, and that in the meantime said executions be enjoined.

The defendants, Phillips & Flanders, and William R. Phillips, answered the bill, denying all notice of the aforesaid trusts and setting up the good faith of the advances made by them to J. L. Richmond & Company, which constituted the basis of the aforesaid judgments.

Several affidavits were introduced by the complainants in support of their bill.

The chancellor enjoined the sale under the executions, to the prejudice of any rights of the minors aforesaid, and refused to interfere for the protection of the interest of Jane E. Simms.

The complainants and defendants both excepted to said decision, and now assign the same as error.

PEEPLES & HOWELL; GARTRELL & STEPHENS, for plaintiffs in error.

COLLIER & COLLIER; P. L. MYNATT, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants, praying for an injunction to restrain the sale of certain described property which had been levied on as the property of Mrs. Jane E. Simms, on the ground that it was trust property and not liable to be sold in satisfaction of her debts, for the reasons alleged in complainants' bill. On hearing the application for the injunction prayed for, the presiding judge granted it, restraining the sale of the property levied on, to the prejudice of whatever rights the complainants, Emily E. Simms, Sarah F. Simms and Jane E. Simms, minors, may

have in and to the same, and refused the injunction to restrain the sale of whatever interest Jane E. Simms, the adult complainant, may have in the property, whereupon both parties excepted. In considering the allegations in the complainants' bill, and the affidavits in the record in support thereof, we find no error which will authorize this court to interfere with the discretion exercised by the presiding judge in granting the injunction as to the rights of the minor *cestui que trusts* in the property. But inasmuch as no specified interest in the property was levied on by the sheriff as the property of Mrs. Simms, the defendant in execution, and the entire property being levied on as hers, it was error in the court in not restraining the sale as to her interest in the property until the final hearing of the cause, it not appearing from the levy of the sheriff what her interest in the property was, and could not be ascertained, according to the allegations in the bill, until the final trial was had. The objection is, that the levy of the sheriff does not describe what interest in the property he levied on as the property of Mrs. Simms, and there is nothing in the record which enables us to see what will be the extent of her interest in the property until the rights of the parties shall be finally adjudicated. The question involved in this branch of the case comes fully within the principle recognized and decided by this court in *Whatly vs. Newsom,* 10 *Georgia Reports,* 74 ; see Code, 3640.

Let the judgment of the court below be affirmed granting the injunction, and reversed as to the refusal to grant it restraining the sale of Mrs. Simms' interest in the property.