## TORBIT *et al.* v. JONES, executrix.

A vested remainder in land is subject to levy and sale. The statute requires that an entry of levy shall plainly describe the property levied on, and the amount of the interest of the defendant therein. An entry of levy as "upon the one-fifth undivided remainder interest of [S. E. C.] in the following tract of land" (describing the land) is void as failing to plainly describe the amount of the interest of the defendant therein.

August 16, 1916.

Equitable petition. Before Judge Hammond. Burke superior court. July 26, 1915.

This is an equitable action for partition of land. The defendant demurs on various grounds, all of which go to the point that the plaintiff has no interest or title in the land sought to be divided. From the petition it appears that E. R. Carswell Sr. was the owner and in possession of the land at his death, and by his last will and testament he directed it to be rented, the annual rentals to be applied to the support and maintenance of his wife for life, and upon her death the land was to be equally divided between five named children, one of whom was Sallie Elizabeth Carswell. Pending the life-estate of the testator's widow, a fi. fa. in favor of James Miller was levied on the one-fifth remainder interest of Sallie Elizabeth Carswell. The property was sold at sheriff's sale and purchased by William E. Jones, to whom the sheriff made a deed. The plaintiff is the executrix of the purchaser, and the action was brought subsequent to the death of Mrs. Carswell, the widow of E. R. Carswell. The plaintiff asserts title to the one-fifth remainder interest devised to Sallie Elizabeth Carswell on the death of her mother, which she alleges was acquired by her testator's purchase at the sheriff's sale above referred to. The defendants are successors in title to the five children to whom the estate was devised by E. R. Carswell in remainder; the conveyance from Sallie Elizabeth Carswell being subsequent to the sheriff's sale. In the plaintiff's petition the levy of the fi. fa. of James Miller against Sallie Elizabeth Carswell is set out, and the defendants in their demurrer urge that the levy is void for uncertainty in the description of the amount of the interest of the defendant in the land, that the sheriff's deed is likewise void, and that for this reason the plaintiff's intestate acquired no title to any interest in the land. The entry of levy is as follows: "State of Georgia, Burke County. I have executed the execution hereto attached, of James Miller vs. Sarah A. Carswell and Sallie Carswell, issuing from the justice's court of the 1434 district G. M., by levying the same upon the one-fifth undivided remainder interest of Sallie E. Carswell in the following tract of land in Burke county, said State, and bounded as follows: on the north by the public road known as the Quaker road; on the south by lands of the estate of Jethro Thomas, on the east by the Louisville and

Augusta road, and on the west by lands of A. M. Torbit. Notice given tenant in possession." The court overruled the demurrer, and the defendants excepted.

*Hamilton Phinizy* and *R. J. Southall,* for plaintiffs in error.

*Brinson & Hatcher* and *F. S. Burney,* contra.

Evans, P. J. (After stating the foregoing facts.) An estate in reversion or a vested remainder may be levied on pending the continuance of the prior estate in possession. *Wilkinson* v. *Chew,* 54 *Ga.* 602. The leviable quality of the estate of Sallie Elizabeth Carswell is not at issue. The question is, does the entry of levy sufficiently describe the amount of the interest of the defendant in the land? The statute (Civil Code of 1910, § 6206) declares: "The officer making a levy shall always enter the same on the process by virtue of which such levy is made, and in such entry shall plainly describe the property levied on, and the amount of the interest of defendant therein." In Jackson *v.* DeLaney, 13 Johns. 538 (7 Am. D. 403), it was held that in a sheriff's deed the land must be described with reasonable certainty, and that the officer can sell nothing under an execution which the creditor can not enable him to describe; and Chancellor Kent, in the opinion, thus forcibly states the fundamental reason of the rule: "It appears to me to be altogether inadmissible that the property of a defendant should be swept away in this loose, undefined manner. It would operate as a great oppression on the debtor, and lead to the most odious and fraudulent speculations. No person attending a sheriff's sale can know what price to bid, or how to regulate his judgment, if there be no specific or certain designation of the property. To tolerate such judicial sales would be a mockery of justice; the sheriff can not sell any land on execution but such as the creditor can enable him to describe with reasonable certainty, so that the people whom the law invites to such auctions may be able to know where and what is the property they are about to purchase." The foregoing statement was quoted approvingly in *Whatley* v. *Newsom,* 10 *Ga.* 74. Where the interest of the defendant in the land levied on is not described as embracing the whole title, it is just as essential to define with certainty his interest in the land as it is to describe the land. In *Williams* v. *Baynes,* 84 *Ga.* 116 (10 S. E. 541), the levy was upon a "certain and all the interest" of the defendant in a described lot of land; and this court

held that a levy upon an undefined interest in land and sale and conveyance accordingly will pass nothing, as the levy is void for uncertainty. A levy upon property in which others besides the defendant are interested must specify the interest levied on. *Simms* v. *Phillips,* 51 *Ga.* 433. While under our statute no particular estate is necessary to sustain a remainder, nevertheless an estate in remainder is but a part of the whole title. Our code defines an estate in remainder as "one limited to be enjoyed after another estate is determined, or at a time specified in the future." Civil Code (1910), § 3674. The value of the estate in remainder necessarily is governed by the nearness or probability of nearness when it will become an estate in possession. The character of the precedent estate, whether an estate for life, or for more than one life, or for years, and the time specified when the remainder estate shall ripen into an estate of possession, are vital criteria in estimating the value of the remainder. The owners of the estate in possession have an interest in the land, as well as the owner of the remainder. Thus there are at least two interests in every title where a part of the title rests in remainder. A levy on one of these interests should be sufficiently definite, either in express statement or by reference, to define the interest seized. Let us take the levy sub judice for illustration. The public and prospective bidders are not informed by it whether the remainder is to become an estate in possession upon the falling in of a life-estate of one or more particular individuals, or whether the time for becoming an estate in possession is fixed by a definite time or event to happen in the future. An instance may be supposed where a remainder estate created by a will probated in one county is levied on under a judgment against the remainderman in another county, and the land against which the levy is proceeding may be located in still another county. Under such circumstances prospective bidders have such defective means of ascertaining the true value of the estate in remainder that the sale partakes largely of a speculative venture. The law is very jealous that forced sales of a debtor's property should be had under circumstances where it will bring its value. Certainly this can not be obtained where a remainder estate is sought to be sold under a levy which furnishes no means of knowing the character of the precedent estate or the time when the remainderman is to have possession, where the right of possession is limited to a specified time in the future.

It is argued that this court has upheld an entry of levy on the life-estate of a named individual as being sufficient (*Belk* v. *Estes,* 82 *Ga.* 238, 8 S. E. 867), and that the same reasoning would uphold the sufficiency of an entry of levy on a remainder estate as being the property of a named person. In the case of the entry of the levy on the life-estate of a named individual, every material element reflecting the character and duration of the estate is present. It is an estate in possession, and its duration is measured by the life of the life-tenant. But in the case of an entry of levy on an estate in remainder of a named person, no data are given to show when the estate is to become one of possession, and an omission of this material fact is a failure to "sufficiently describe the amount of the interest of the defendant in the land." It follows that, as the entry of levy was not in compliance with the statute, the sale was void; and the petition should have been dismissed on demurrer.  *Judgment reversed. All the Justices concur.*