SWAN, Respondent, v. GUNDERSON et al, Appellants.

(215 N. W. 884.)

(File No. 6542.   Opinion filed November 14, 1927.)

1.   **Wills—Provision that Devise to Remaindermen Should be Free from Their Debts Held Ineffective (Const. art. 21, § 4; Rev. Code 1919, §§ 2569, 2639).**

Provision in will that devise to remaindermen should go "free and clear from any debts, or obligations for which any one of them might be held liable," held ineffective to exempt devise to remainderman from levy on execution on judgment obtained against her, in view of Rev. Code 1919, § 2569, providing that judgment shall be lien on all real property, except homestead of person against whom it shall be entered, section 2639, providing that all property of judgment debtor not exempt by law is liable to be taken on execution, and Const. art. 21, § 4.

2.   **Execution—Constitutional Provision Concerning Exemptions Impliedly Contemplates that All Property Except that Exempted by General Laws May Be Reached by Creditors on Execution (Const. art. 21, § 4).**

Const. art. 21, § 4, exempting homestead and reasonable amout of personal property of debtor from forced sales, impliedly contemplates that all property of a debtor, excepting property exempted by general laws as therein provided to be enacted, shall be subject to be reached by judgment creditors on execution.

Note.—See, Headnote (1), American Key-Numbered Digest, Wills, Key-No. 868, 40 Cyc. 2084; (2) Execution, Key-No. 20, Exemptions, 25 C. J. Sec. 63.

Appeal from Circuit Court, Mellette County; HON. J. R. CASH, Judge.

Action by Ida Petersen Swan against C. H. Gunderson and another.   Judgment for plaintiff, and defendants appeal.   Reversed and remanded, with directions.

*Gunderson & Gunderson,* of Vermillion, for Appellants.
*W. J. Hooper,* of Gregory, for Respondent.

CAMPBELL, P. J.   On March 13, 1922, defendant C. H. Gunderson recovered judgment in the circuit court of Mellette county, S. D., against the plaintiff Swan and her husband in the amount of approximately $3,000, which judgment was thereafter transcripted to Yankton county, S. D.

On or about April 15, 1922, Rasmus Petersen, father of the plaintiff, made his will, by the terms of which he devised property, including certain real estate in Yankton county, S. D., to his wife, Johanne Petersen, for life, with remainder over in equal shares to his children and certain grandchildren by right of representation, whereby the plaintiff would take an undivided one-eighth interest in said realty subject to the life estate of Johanne Petersen.

On or about December 20, 1923, Rasmus Petersen executed a codocil to his last will and testament in the following form:

"I desire the bequest and devises made in my will to stand as written, and that any property which may go to the respective legatees mentioned therein, namely, James Petersen, John C. Petersen, Oscar C. Petersen, Fred Petersen, Nellie Morrisen, Ida Swan, Mary Skov, Darold Murphy, Elmity Murphy and Doris Hoffman, I desire to go to each one respectively, as stated in the terms of the will, free and clear from any debts, or obligations for which any one of them might be liable at the time of my death.

"As my daughter, Sarah Feldman, is now deceased, she is not mentioned herein.

"I desire this codicil to be attached to my last will and testament as a part thereof."

Testator died in June, 1924, and his will and the codicil thereto were duly proved and admitted to probate, and letters testamentary issued thereon.

Subsequently, and on or about January 13, 1926, the defendant Gunderson caused an execution to be issued upon his judgment against the plaintiff, Swan, and delivered to his codefendant, the sheriff of Yankton county, who, pursuant thereto, levied upon the undivided one-eighth interest of the plaintiff, Swan, in the real estate before mentioned, subject to the life estate of Johanne Petersen, and advertised the same for sale, whereupon plaintiff instituted this action, setting out in her complaint substantially the facts hereinbefore recited, and alleging her interest in said real estate to be exempt from any lien or judgment of defendant Gunderson under the terms of the last will and testament of Rasmus Petersen, deceased, and praying that her interest in said real estate be declared to be so exempt, and that the defendants be perpetually enjoined from levying upon and selling the same by virtue of any execution on said judgment.

To this complaint the defendants demurred, upon the ground that the same did not state facts sufficient to constitute a cause of action. The learned trial judge made and entered his order overruling the demurrer, and, the defendants electing to stand thereon, judgment was entered for the plaintiff, from which judgment defendants have appealed.

Respondent maintains that by virtue of the will of Rasmus Petersen, and particularly the codicil thereof, the undivided interest in realty levied upon passed to respondent free and clear from any debts or obligations for which she was liable at the time of the death of Rasmus Petersen, which, of course, would include the Mellette county judgment of appellant, while appellant contends that it was utterly beyond the power of the testator to attach any such condition to his gift absolute to his daughter.

It may seriously be questioned whether the words of the codicil upon which respondent relies are anything more than mere "precatory words," and whether they could be construed as sufficient to establish as a matter of law a condition or partial condition against involuntary alienation upon the absolute gift previously made by the terms of the will.

[1, 2] Waiving that point, however, and assuming the sufficiency of the words of the codicil to establish the condition contended for by respondent in this case, the imposing of such a condition or restriction upon the otherwise absolute gift of legal title to real property was utterly beyond the power of the testator. Section 4, art. 21, of the Constitution of this state, impliedly contemplates that all property of a debtor, excepting the property exempted by general laws as therein provided to be enacted, shall be subject to be reached by his creditors. Section 2569, Revised Code 1919, relating to judgments, provides in part as follows:

" * * * And it shall be a lien on all the real property, except the homestead, in the county where the same is so docketed, of every person against whom any such judgment shall be rendered, and which he may have at the time of the docketing thereof in the county in which such real property is situated, or which he shall acquire at any time thereafter, for ten years from the time of docketing the same in the county where it was rendered. * * * "

Section 2639, Revised Code 1919, reads as follows:

"*What Property May Be Taken on Execution.* All property, both real and personal, or any interest therein, of the judgment debtor, not exempt by law, and all property and rights of property, seized and held under attachment in the action, are liable to execution. Shares and interests in any corporation, debts and credits, and all other property or interest therein, not capable of manual delivery, shall be liable to be taken on execution and sold as hereinafter provided."

It is elementary that no testator or other nonsovereign donor, by a condition or restriction in a devise or gift of the absolute legal title to real property, can take such property out from under the operation of these statutes and pro tanto repeal them. See Tiffany, Real Property (2d Ed.) § 592.

The judgment appealed from is reversed, and the cause remanded, with directions to enter an order sustaining defendant's demurrer to the complaint.

GATES and SHERWOOD, JJ., concur.

POLLEY and BURCH, JJ., not sitting.