22077. FLOYD, administrator, v. BRASWELL.

JENKINS, P. J.   1. Where one owning real estate dies, the title to the real estate passes to his heirs (*Hoyt* v. *Ware*, 156 *Ga.* 98, 118 S. E. 734), and the undivided interest of an heir at law in such real estate is subject to levy and sale under an execution against him. *Perkins* v. *Farmers Bank*, 156 *Ga.* 841 (120 S. E. 528). The fact that the undivided interest of an heir may be subject to a life estate in another person will not prevent the subjection of his vested interest to levy and sale. *Wilkinson* v. *Chew*, 54 *Ga.* 603); *Lufburrow* v. *Koch*, 75 *Ga.* 448.

2. A sale under judicial process can not be of a larger but may be of a less estate than that embraced in the levy. *Parler* v. *Johnson*, 81 *Ga.* 254 (4) (7 S. E. 317); *Stone* v. *Franklin*, 89 *Ga.* 195 (3) (15 S. E. 47). Accordingly, where an execution was levied upon a "one-fifth undivided interest in" a described tract of land, the levy was not void because of an insufficient description of the property levied upon, in that the amount of the interest of the defendant in the property was not set forth as required by the Civil Code (1910), § 6026, and the fact that the undivided remainder interest of the defendant in fi. fa. might be subject to a life estate in another person would not prevent the sale of whatever lesser interest he actually had in the property under the levy. Since the purchaser at a judicial sale buys the title and interest of the defendant in fi. fa., "no more and no less" (*Andrews* v. *Murphy*, 12 *Ga.* 431 (2), 434), the fact that the levy and the deed of the levying officer made thereunder might both describe the property as a "one-fifth undivided interest in" a specified tract of land, no reference being made in the levy or the deed to the life estate to which the interest of the defendant in fi. fa. was subject, would not prevent the purchaser at the sale under the levy from acquiring title to the interest in the land actually owned by the defendant in fi. fa. The case differs from that of *Torbit* v. *Jones*, 145 *Ga.* 610 (89 S. E. 696), where the property levied upon was described only as "the undivided one-fifth remainder interest" of the defendant in fi. fa. in a specified tract of land, and the levy was held to be void because the interest of the defendant in the property was not set forth as required by the Civil Code (1910), § 6026, in that the particular estate to which the remainder interest was subject was not stated. In the instant case the levy was not upon an indefinitely described remainder interest of the defendant in fi. fa., but upon his undivided interest in the fee, his remainder interest therein having vested on the death of his intestate. It was not necessary, therefore, for the leving officer, in levying upon the whole or entire interest, to specify any particular estate to which *the fee in remainder* might, in point of fact, be subject, for the reason that a levy upon a larger estate authorizes a sale of the lesser estate actually owned.

3. In the instant case the only question made by the record, or by counsel in their briefs, is as to the validity of the levy set forth in the foregoing division of the syllabus. Under the rulings made, the court did not err in holding that the levy and sale passed to the plaintiff purchaser title to the one-fifth undivided interest of the defendant in execution in the land described, and that such purchaser was entitled to maintain an action against the administrator of the original owner of the

land, the father of the defendant in execution, who had sold the entire tract after the termination of the dower estate of the widow of the intestate, for the proportionate part of the purchase-price represented by the interest in the land acquired by the plaintiff under the previous judicial sale. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 21, 1932.

*Roberts & Roberts,* for plaintiff in error.
*I. L. Oakes, A. M. Kelly,* contra.