MOHAWK RUBBER CO. OF N. Y., Inc., Appellant, v. CRONIN, et al (McDONALD, et al, Intervenors), Respondents.

(252 N. W. 642.)

(File No. 7546. Opinion filed February 13, 1934.)

*Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Appellant.

*Doyle & Mahoney,* of Sioux Falls, for Respondent.

*Conway, Feyder & Conway,* of Sioux Falls, for Interveners and Respondents.

CAMPBELL, J. Plaintiff, on March 17, 1926, secured a money judgment in the circuit court of Minnehaha county, S. D., where defendant L. F. Craig resides, against said Craig and one Cronin in the amount of $1,104.89, upon which judgment plaintiff, notwithstanding diligent efforts, has been unable to make any collection. Execution thereon was returned unsatisfied by the sheriff of Minnehaha county on May 15, 1930. Defendant Craig was named as a beneficiary in the will of Michael Gerin, who died in January, 1930. The Gerin will was duly admitted to probate in Minnehaha county, and said estate is now in process of settlement there; the interveners McDonald and Alguire being the executors. In 1930, after the issuance of the execution above mentioned, plaintiff issued garnishment process in aid thereof, seeking to garnish the executors of the Gerin will. Subsequently and after the decisions of this court in Woodbine Savings Bk. v. Yager, 58 S. D. 542, 237 N. W. 761; Id., on rehearing, 61 S. D. 1, 245 N. W. 917, the garnishment proceeding was dismissed. Thereafter, and in December, 1932, plaintiff instituted proceedings supplementary to execution pursuant to the provisions of sections 2699-2710, R. C. 1919, and asked that a receiver be appointed to receive the bequest made to Craig by the Gerin will "when the same is payable in the ordinary course of the probate of the estate," and that Craig should be enjoined from transferring or disposing of his interest in said

bequest or doing any act to prejudice the right of plaintiff to collect its judgment out of said bequest. Section 2704, R. C. 1919.

The matter came on for hearing pursuant to order to show cause served on Craig and on the executors of the Gerin estate; the executors appearing and being permitted to intervene, and various affidavits being filed in connection with the matter by way of showing and countershowing. A second order to show cause was issued, additional affidavits served and filed, and a further hearing had, the final result of the matter being an order of the circuit judge on March 6, 1933, providing "that the relief sought by the said judgment creditor Mohaw Rubber Company be and the same hereby is denied," from which order the plaintiff has appealed to this court.

There is considerable controversy in the affidavits submitted as to whether or not the respondent Craig had been disposing of his property with intent to defraud his creditors and as to whether or not he was actively endeavoring to maintain himself in such a situation that the judgment against him could not be enforced. That controversy is perhaps not highly material to the decision of this appeal.

Our law with relation to supplementary proceedings originated as sections 243-253, Code Civil Procedure 1867-68 (Laws Dakota 1867-68, p. 76), and has since continued without substantial change. We took it verbatim from the then existing New York Code of Civil Procedure, where it had originated as sections 247-257 of the Procedural Code recommended by the commissioners to the Legislature of New York in February, 1848, and adopted April 12, 1848 (chapter 379, Laws New York 1848). The code commissioners in recommending their work to the New York Legislature said concerning this portion thereof (First Report Commissioners on Practice and Pleadings, Albany, 1848, p. 201):

"The provisions of this chapter, are designed to furnish a cheaper and easier method of discovering the concealed property of a judgment debtor, and of applying it, including outstanding claims in his favor, or things in action to the satisfaction of the judgment. It is a substitute for the existing remedy by creditors bill.

"The great expense and formality attending this mode of en-

forcing payment of a judgment, has been one of the worst evils of our judiciary system. We entertain not the slightest doubt, that in practice this will be found much more easy and expeditious, and much less expensive than the present system.

"The several sections require no explanation."

This view of the law was subsequently recognized by the New York courts.

"An examination of the several provisions of the Code of Civil Procedure, relating to supplementary proceedings, shows that its purpose is to furnish a simple and ready substitute for the old equity proceedings, in discovering and applying the property of a debtor which cannot otherwise be reached to the payment of his debts." Joyce v. Spafard (1885) 38 Hun. 639, 9 N. Y. Civ. Proc. R. 342 at page 345.

In the case before us, it is quite apparent that Craig has no property which can be reached by ordinary procedure for application to the payment of this judgment. It is the contemplation of our law that all property of a debtor shall be subject to be reached in proper time and manner by his creditors, save only such property as may be legally exempt. Swan v. Gunderson (1927) 51 S. D. 588, 215 N. W. 884. The interest of Craig in the Gerin estate is clearly in the nature of a property right, and is such an interest as may be transferred or disposed of by him. It cannot be levied upon under execution at the present time, nor can it be reached by garnishment prior to the completion of administration and order for distribution. Woodbine Savings Bank v. Yager, supra. As pointed out by this court in Thomas v. Morristown State Bank (1928) 53 S. D. 499, 221 N. W. 257, 259: "Courts of equity may at all times by appropriate action, having due regard for the rights of third persons, control the interest of the heir so that it may eventually be reached by his creditors." We see no reason why our statutory procedure, intended in its inception to furnish a simple and ready substitute for equity proceedings in this regard, should not be operative here.

Respondent Craig urges the expense of receivership, and interveners are alarmed lest such receivership hamper the probate of the Gerin estate. We see no need for receivership here, and perhaps no sufficient showing therefor has been made. We see no reason, how-

ever, why the other portion of the relief asked by appellant should not have been granted. An order as contemplated by the last clause of section 2704, R. C. 1919, forbidding respondent Craig from transferring or otherwise disposing of his interest in the Gerin estate will preserve such interest, whatever it may finally be ascertained to be and whenever it may ripen into anything that can be reached by execution, for the benefit of appellant's judgment, which ought to be done. The existence of such an order will in nowise improperly interfere with or hamper the administration of the Gerin estate, and to such an order respondent Craig can have no legitimate objection.

The order appealed from is reversed, and the cause is remanded, with directions for the entry of an injunctional order as contemplated by the last sentence of section 2704, R. C. 1919.

ROBERTS, P. J., and POLLEY and RUDOLPH, JJ., concur.
WARREN, J., dissents.