SCHULTE INCORPORATED *v.* VARRON.

No. 10761. DECEMBER 14, 1935.

*Jones, Fuller & Clapp* and *J. D. McLamb,* for plaintiff.
*McElreath & Scott* and *J. Lon Duckworth,* for defendant.

RUSSELL, Chief Justice. ■ We are of the opinion that the first question propounded by the Court of Appeals should be answered in the affirmative. The seller of personal property has a leviable interest in the property, under the circumstances detailed in the question. In *Parrott* v. *Baker,* 82 *Ga.* 364 (3) (9 S. E.

1068), it was held that land held by absolute deed as security for a debt is subject to levy and sale as the property of the vendee; and this principle has been followed in several later cases, among which are *Bridger* v. *Exchange Bank,* 126 *Ga.* 821 (11) (56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. R. 118), *Duke* v. *Ayers,* 163 *Ga.* 445 (4) (136 S. E. 410), and *Richey* v. *First National Bank of Commerce,* 180 *Ga.* 751 (4) (180 S. E. 740). Upon principle and authority we know of no reason why personal property should not likewise be subject.

■ The second question should be answered in the affirmative. A difficulty which might arise in correctly answering this question is relieved, because from the question it must be assumed that the execution was subsequent in time to the date of the instrument retaining title to the property sought to be subjected to the fi. fa. It is not stated in the question that the execution preceded the date of the title-retention contract. Of course if the contract of purchase was made subsequently to the execution, the property would be subject.

■ The third question is answered in the negative. "The officer making a levy shall enter the same on the process by virtue of which such levy is made, and in such entry shall plainly describe the property levied on and the amount of the interest of defendant therein." Code of 1933, § 39-103. Under the facts as stated in this question there is nothing to show the respective interests of the purchaser and the seller in the property, and therefore nothing to show "the amount of interest of defendant therein," as required by the Code section.                    *All the Justices concur.*