HICKS, Appellant, v. SKIE, Respondent

(289 N. W. 507.)

(File No. 8304. Opinion filed December 26, 1939.)

**Doyle & Mahoney,** of Sioux Falls, for Plaintiff and Appellant.

**Harold Bogue,** of Canton, for Defendant and Respondent.

POLLEY, J. The question submitted to the Court in this case is: Can the undivided interest of a devisee of real estate be levied upon and sold under execution on the part of a judgment creditor, prior to the entry of decree of final distribution of the estate of which the the real estate is a

part of the assets? Plaintiff herein is a judgment debtor. The defendant is the county sheriff. Defendant levied an execution on plaintiff's undivided interest in the devised real estate and gave notice of sheriff's sale. Plaintiff, claiming that defendant was without authority to levy upon or sell his interest in said real estate until final distribution of the estate of the testator, sued out an alternative writ of prohibition restraining defendant from making such sale. On hearing of said alternative writ the trial court entered judgment dismissing the writ and from such judgment plaintiff appeals to this court.

██ Upon the death of the testator the devisee becomes vested with the same right to, and interest in, the devised property that was possessed by the testator, at the time of his death; subject, of course, to the debts of the testator and any liens or incumbrances that may exist at the time of the testator's death. Section 641 R. C. 1919, SDC 56.0236; In re Hornstra's Estate, 55 S. D. 513, 226 N. W. 740; Stianson v. Stianson, 40 S. D. 322, 167 N. W. 237, 6. A.L.R. 280. In 23 C. J. 361, the proposition is stated as follows: "The estate of an heir is an undivided interest in each and every tract of land owned by the ancestor at the time of his death. Subject to the debts of the ancestor, it may be levied upon by execution or attachment, and sold as the property of the heir. But personalty rests primarily in the executor or administrator, and a distributee has no title therein subject to execution until distribution has been made;" citing many cases.

In this state: "All property and interests therein and rights appurtenant thereto, tangible or intangible, including shares or interests in any corporations, credits, choses in action, and whether capable of manual delivery or not belonging to the party against whom the execution was issued and not exempt by law may be taken on execution and sold or otherwise applied to the satisfaction of the judgment as provided by law." SDC 33.1911.

Under this section of the Code the judgment creditor has a clear right to levy an execution upon and sell the interest of a devisee at any time after the death of the testator.

Where real property is involved we are dealing only with the naked title to the real property and a sale or other transfer in no manner interferes with the executor or administrator in the administration of the estate. If it becomes necessary, even after the sale of the devisee's interest, to resort to that property to raise money to pay debts of the decedent or expenses of administration the executor or administrator may sell the same and use the proceeds for such purposes. The judgment creditor may acquire nothing by his execution and sale in the end, but this fact in no manner qualifies or interferes with his right to make the sale, and is not a matter of concern to the executor or administrator.

The right to proceed as respondent is attempting to do in this case is fully recognized in Swan v. Gunderson et al., 51 S. D. 588, 215 N. W. 884. To the same effect is Floyd v. Braswell, 45 Ga. App. 726, 166 S. E. 65; Selman v. Milliken, 28 Ga. 366.

In support of his contention that his interest as devisee can not be reached by execution until after final decree of distribution has been entered, appellant cites Woodbine Savings Bank v. Yager, 58 S. D. 542, 237 N. W. 761, and Id., on rehearing, 61 S. D. 1, 245 N. W. 917; and Mohawk Rubber Co., of N. Y. v. Cronin, 62 S. D. 249, 252 N. W. 642. But those cases are not in point. They hold that personal property in the hands of an executor or administrator for the purpose of administration cannot be reached by garnishment proceeding until after decree of distribution has been entered but that in nowise limits or qualifies the provisions of SDC 33.1911.

In view of the fact that title to real property vests in the heir or devisee immediately upon the death of the owner, the heir or devisee has an interest therein within the provisions of SDC 33.1911 which may be levied upon and sold without waiting for final distribution or any other act by the executor or administrator.

The judgment appealed from is affirmed.

WARREN, P.J., and ROBERTS and SMITH, JJ. concur.
RUDOLPH, J., not sitting.