TURPIN *v.* COUNTY OF BIBB *et al.*

No. 13591. MARCH 14, 1941.

*Turpin & Lane,* for plaintiff.　*James C. Estes,* for defendants.

DUCKWORTH, Justice. ■ While the petition alleges that the defendant's tax deed is void because the levy was excessive, it is not alleged that the city lot levied upon was capable of subdivision.

In the absence of such an allegation, the petition was fatally defective in so far as it sought to allege that the tax sale was void for excessive levy, even though it was alleged that the value of the property was much greater than the amount due on the tax fi. fa. *Miller* v. *Jennings,* 168 *Ga.* 101 (3) (147 S. E. 32); *Baxley State Bank* v. *Douglas,* 185 *Ga.* 743 (196 S. E. 405).

The defendant in fi. fa. owned only one third undivided interest in the property, and her tax return so showed. The owners of the other two thirds had separately returned and paid the taxes due on their interests in the property. However, the levy and sale to satisfy the tax execution purported to deal with the entire fee to the lot; and it is contended that this rendered the sale void. The plaintiff relies upon *Whatley* v. *Newsom,* 10 *Ga.* 74, *Simms* v. *Phillips,* 51 *Ga.* 433, *Torbit* v. *Jones,* 145 *Ga.* 610 (89 S. E. 696), and *Schulte Inc.* v. *Varron,* 181 *Ga.* 542 (182 S. E. 912), to support his contention. In each of those cases the levies purported to deal only with the interest of the defendant in the property levied on, and the defendant's interest therein was so indefinitely described as not to properly inform prospective bidders of the property to be sold. Obviously a sale under such a levy might work an injury to the defendant. Such is not true in the instant case. The levy under attack definitely described more than the defendant owned, and he can not complain of this. As was stated in *Conley* v. *Redwine,* 109 *Ga.* 640, 651 (35 S. E. 92, 77 Am. St. R. 398), where the levy included property owned by a third person, "the only effect of embracing in the levy and sale more property than the defendant owned would be to increase the proceeds of the sale, and to this extent benefit . . the owner of the property which was being sold." That case is clearly analogous to the one at bar. See also *Perkerson* v. *Overby,* 59 *Ga.* 414. A sale under a general tax execution conveys no greater estate than the defendant in fi. fa. has in the property. *Howell* v. *Lawson,* 188 *Ga.* 164 (3 S. E. 2d, 79); *Dooley* v. *Bohannon,* 191 *Ga.* 7 (11 S. E. 2d, 188). Therefore, under the facts alleged in the instant case, the sale did not affect the title of the owners of the other undivided interests in the property, on which the taxes had been paid. Since the title of these third persons was not affected by the sale, the petitioner as their grantee is not entitled to have the deed canceled in so far as it relates to the interest of the defendant in execution. *Stone*

v. *Franklin,* 89 *Ga.* 196 (3) (15 S. E. 47). If the purchaser at the sale attempts to obtain possession of the entire property, the petitioner has an adequate remedy at law with which to protect his title to two thirds of the property.

■ The sheriff's levy and deed described the property as follows: "House and lot in the Vineville District known as 758 Cherry Street. Bounded on one side by Cherry Street, on another side by Hirsch-Harrold-Kahn; on another side by an alley and on the other side by Methodist Home." The petition alleges that the property in question is located in Macon, Bibb County, Georgia, and it is not alleged that the levy and deed failed to properly give the city, county, and State in which the property was located. The record does not contain a copy of the levy or deed. In these circumstances it must be assumed that the description is sufficient in these particulars. It is alleged that the description is bad, because the lot is not in the Vineville District, and because there is no Methodist Home adjoining or near the property. A levy on land which fails to describe it with such precision as to inform the purchaser of what he is buying, and to enable the officer selling it to place the purchaser in possession, is void. *Burson* v. *Shields,* 160 *Ga.* 723 (129 S. E. 22) ; *Leathers* v. *Garrett,* 179 *Ga.* 619 (176 S. E. 638). However, the mere misstatement of the lot or district number will not in itself render the description void, if, notwithstanding such error, the land can be readily identified. *Boggess* v. *Lowrey,* 78 *Ga.* 539 (3 S. E. 77, 6 Am. St. R. 279) ; *Burson* v. *Shields,* supra. It does not appear from the petition that the house and lot levied on could not be identified by the use of the other descriptive words used in the levy. The property is described as being that known as "758 Cherry Street." It is not alleged that there is any other property in the City of Macon which will fit this description. The levy purports to give the boundaries, and it is admitted that three of the boundaries are correct; but it is alleged that the description is inaccurate in that it states that the property is bounded on one side by "Methodist Home." While it is alleged that the Methodist Home does not adjoin the property of petitioner, it is not alleged that the adjoining property does not belong to the Methodist Home, and the form of description is such that it may be construed to mean "property of the Methodist Home," for it is not an uncommon practice to give the bound-

aries to land by merely naming the adjoining landowners. Furthermore, the land is levied upon as belonging to the defendant in fi. fa.; and since the levy gives its boundaries as a street on one side, an alley on another, and named parties on the other two sides, this is equivalent to describing it as "all the land belonging to the defendant" and known as 758 Cherry Street. In such circumstances it is not important that one of the four boundaries is erroneous in that the name of the adjoining owner is incorrect. The description clearly shows that the land levied on extends in the direction indicated to the limit of defendant's land, and therefore it is unimportant whether or not the name of the adjoining owner is correctly given. We conclude that the description was sufficient to readily identify the land. The petition failed to state a cause of action for any of the relief sought, and the court did not err in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*