## 19509. HARDEN et al. v. BELL et al.

MOBLEY, Justice. Paul Bell sued out an attachment against the plaintiffs in error. The attachment was made against "Barto Harden individually & J. B. Harden and Bartow Harden as guardian for J. B. Harden," and was levied upon certain real property in Haralson County as the property of the defendants. Bell filed his declaration, alleging that the defendants were residents of Alabama and were indebted to him because of an automobile collision which occurred in Alabama. He prayed for a judgment for the debt in a stated amount, and that the attached property be sold to satisfy said judgment. The declaration was not served upon the defendants. The case went in default and a jury found damages for the plaintiff in the amount of $1,250. A judgment was entered, which was directed to be made especially out of the attached realty. The present petition was brought by James Barto Harden, individually and as next of kin of James Barto Harden, Jr., to set aside the verdict and judgment on the grounds that the attachment proceedings were never served upon the defendants in attachment; that the return of the levy of attachment was invalid; that the verdict and judgment were void; and that the verdict and judgment were obtained through the practice of fraud upon the court. The trial court sustained a general demurrer to the petition on the ground that no cause of action was stated. To this judgment the petitioners except. *Held:*

1. "The officer making a levy shall enter the same on the process by virtue of which such levy is made, and in such entry shall plainly describe the property levied on and the amount of the interest of defendant therein." Code § 39-103. This Code section applies to a levy in attachment. *Hiles Carver Co.* v. *King,* 109 *Ga.* 180, 181 (34 S. E. 353); *Tuells* v. *Torras,* 113 *Ga.* 691, 695 (39 S. E. 455); *New England Mortgage Security Co.* v. *Watson,* 99 *Ga.* 733, 735 (3) (27 S. E. 160).

2. "'The interest of the defendant must also be plainly set forth in the entry of levy. It is not sufficient that the entry recites that "the interest" or "all the interest" of the defendant in fi. fa. is levied on, but it should disclose with reasonable certainty what that interest is. When there is only one defendant in fi. fa., and the entry recites that the land is levied on "as the property of the defendant," it is sufficient and will be construed as an assertion that the defendant in fi. fa. is the owner in fee simple; but if there be more than one defendant named in the fi. fa., such an entry would be too indefinite; it should go further and disclose either that the land is levied on as the common property of all the defendants or as the individual property of one or more of them.' Powell on Actions for Land, 284, § 227; *Torbit* v. *Jones,* 145 *Ga.* 610 (89 S. E. 696); *Williams* v. *Baynes,* 84 *Ga.* 116 (10 S. E. 541); *Whatley* v. *Newsome,* 10 *Ga.* 74." *Clark* v. *C. T. H. Corp.,* 181 *Ga.* 710, 714 (184 S. E. 592).

3. "Where an execution against the mother is levied upon property generally, in which the children have an interest, and neither the interest of the mother nor of the children is clear and ascertained, the sale will be enjoined. A levy upon property in which others besides the defendant are interested must specify the interest levied on." *Simms* v. *Phillips,* 51 *Ga.* 433 (1, 2).

4. Where, as here, a petition to set aside a verdict and judgment in attachment alleges: that property of the nonresident defendants in attachment was levied on as their property alone; that such defendants did not own said property, but owned only an undivided interest therein along with other persons named in the petition; that the levy of attachment did not describe the amount of the defendants' interest in the property or what interest was levied on—the petition alleges sufficient facts to show that the levy in attachment was invalid under the principles of law expressed above. The levy being invalid, and there being no service of the declaration in attachment upon the nonresident defendants, the trial court was without jurisdiction to enter a judgment in the case, and the verdict and judgment so entered are void. The trial court erred in sustaining the general demurrer and dismissing the petition to set aside the verdict and judgment.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*

SUBMITTED OCTOBER 8, 1956—DECIDED NOVEMBER 14, 1956.

*Russell O. Clay,* for plaintiff in error.
*D. B. Howe, Harold L. Murphy,* contra.