## JONES vs. JOHNSON.

1. Before levy upon property in a house and lot, indivisible and of great value, to pay city taxes, the marshal of the city should exhaust smaller and less valuable parcels assessed by the city at more than enough to pay double the tax *fi. fa.* levied; but if the sale be

postponed at the instance of, and assented to by, the defendant in *fi. fa.*, she cannot attack the levy as excessive.          ∖

2. The purchaser at such sale, if the property be redeemed within the time prescribed by law, or offered to be redeemed, does not acquire such title as will give him the rents, issues and profits, but the law of the city fixes his indemnity at the payment back of the purchase money and interest with 10 per cent. premium.

3. Large discretion is vested in the chancellor in granting injunctions and appointing receivers, and unless some principle of substantial equity has been violated, this court will not control his discretion in such interlocutory orders unless clearly abused.

Tax. Levy and sale. Injunction and receiver. Before Judge Buchanan. Coweta County. At Chambers. December 18, 1877.

Reported in the opinion.

T. P. Westmoreland, for plaintiff in error.

Gartrell & Wright, for defendant.

Jackson, Judge.

This bill was filed to restrain Jones from the further consumption and collection of the rents of certain property which he bought at a tax sale in the city of Atlanta under a *fi. fa.* against Mrs. Johnson for taxes on said property, and it also prayed the appointment of a receiver. The chancellor granted the restraining order and appointed a receiver, and error is assigned thereon.

The sum of the facts is about this : The property known as the American hotel, worth many thousand dollars, was levied on under the *fi. fa.* for taxes amounting to two or three hundred dollars. There were two other city lots assessed at twenty-three hundred dollars, but this property was levied on and those lots left untouched. Jones bought the property levied on at the price of four hundred and sixty-four dollars and thirty-four cents. Within one year Mrs. Johnson brought this bill to redeem the property, offering to pay the $464.34 paid by Jones for it, less the rents he had received.

The chancellor ruled that on her payment of the balance of the $464.34, with ten per cent. premium, the injunction should issue, and that a receiver be appointed to take charge of the rents until the hearing.

Two legal questions are made, first, was the levy right and the sale good under it, or was the levy excessive? It seems that the other lots were ample to pay the tax according to the city assessment; but as the complainant assented to the sale on condition that it was postponed, which was done at her instance, she is estopped from making complaint that the levy was excessive.

The second question is, to whom should the rents go, to the purchaser at the tax-sale or to the owner, after she has redeemed the land as allowed by law to do?

The satute of the city gives to the owner twelve months within which to redeem, and prescribes the terms, that she shall pay back the purchase money and ten per cent. premium with interest. That sum is the indemnity which the law gives to the purchaser, who gets an inchoate title subject to redemption on those terms and with that remuneration to him. For a year he has no absolute title, but a defeasible or conditional title only, and under it he is only entitled to what the law—the statute—the ordinance—gives him, to-wit: his money paid out and legal interest and ten per cent. premium thereon.

See Code, §898; Code of Atlanta, §548.

There may be different lines of authority on this question in different states, dependent on the statutes of those states. Under our own law and the Code of Atlanta, we think that the above is the correct ruling.

Even if the legal questions were doubtful, we would affirm the judgment, as it is merely interlocutory, and holds the case up until the final hearing, when the case will be fully tried on its merits.

Judgment affirmed.