## WILLIAMSON *et al. v.* WHITE.

1. The levy of an execution issued against a landowner, for taxes amounting to less than $14, upon 555 acres of land worth at least $2 per acre, and probably much more, was palpably and grossly excessive; and separate sales thereunder of tracts containing respectively 200 acres and 152½ acres were, at the option of the owner or one claiming under him, void.

2. Where an application was made to the judge of the superior court, by the person who had at the sheriff's sale under such tax execution bid off these two tracts and taken the sheriff's deed thereto, for an order directing the officer to put the applicant in possession, though one who claimed to be the owner of the property appeared at the hearing and presented written objections to the granting of such order, he was not, unless actually made a party to the proceeding, bound by any judgment therein rendered.

3. The allegations in the answer of the defendants, when taken and construed in connection with the exhibits thereto attached, are not sufficient to show that the plaintiff in this case was such a party to the summary proceeding above referred to as to be concluded by the order therein granted by the judge.

4. This case under the facts disclosed by the record is controlled by the rul-

ings above announced, and therefore the trial judge did not err in striking the portions of the answer above indicated, or in refusing to admit evidence in support thereof, or in directing the jury to return a verdict finding for the plaintiff the land in dispute.

Submitted April 17, — Decided May 21, 1897.

Equitable petition.  Before Judge Hart.  Laurens superior court.  July term, 1896.

*D. M. Roberts, J. M. Stubbs* and *Harrison & Peeples*, for plaintiffs in error.

*J. H. Martin, A. C. Pate* and *I. S. Chappell*, contra.

COBB, J.  J. M. White filed in the superior court of Laurens county his petition against D. F. Williamson and Isaac Grantham, for injunction, cancellation of papers under which Williamson claimed title to certain land in said county, and general relief.  Upon the trial of the case the judge directed the jury to "find a verdict for the plaintiff for the land in dispute."  The defendants made a motion for a new trial, which was overruled, and they excepted.

The plaintiff derived his title as follows: C. B. White inherited the land in controversy from his father, Jos. M. White Sr., and conveyed the same to Mayer & Watts on January 2, 1888. Mayer & Watts conveyed to plaintiff on April 29, 1889.

The defendant Williamson derived his title as follows: C. B. White, after April 1, 1888, returned the lands in dispute, 555 acres, to the tax-receiver of Laurens county at a valuation of $1,110.  The taxes assessed by the State and county thereon were not paid on December 20, 1888.  The tax-collector issued a fi. fa. against the land and C. B. White for the sum of $13.77 and 50 cents costs.  On March 29, 1889, the fi. fa. was levied upon the 555 acres embracing three lots, being numbers 167, 168, and 193 in the 22d district of Laurens county.  On the first Tuesday in June, 1889, the sheriff exposed the property levied on for sale in separate parcels.  Number 167, after several bids, was purchased by Williamson & Holmes, a firm of which defendant Williamson was a member, for $8.00; number 168 was next sold to the same purchasers for $5.50; number 193 was then sold and bought by one Summerlin for $20.  It appeared that two of the lots contained 200 acres

each, and the third lot 152½ acres, and that the land was worth at least $2 per acre, and probably much more.   The defendant Williamson subsequently acquired the entire interest in the lots purchased by the firm of which he was a member.

1. That a levy of the character described is such a fraud that the owner of the property, or any one claiming under him, may have it declared void, is too well settled by the adjudications of this court to now admit of discussion.   *Brinson* v. *Lasseter*, 81 *Ga.* 40, and cases cited; *Forbes* v. *Hall*, this term; *Mixon* v. *Stanley*, 100 *Ga.* 372.   The fact that the sheriff sold the three lots levied on separately does not alter the case.   The levy of a $14 execution upon 152½ acres of land, which was the smallest lot, and of the value, according to the evidence, of at least $2 an acre, would have been so grossly excessive as to have avoided the sale if no other lots had been included in the levy.   An excessive seizure by the sheriff of a defendant's property is what constitutes the fraud upon his rights, and a sale by parcels will not cure it, when it appears that the seizure of any one of the parcels would have been in itself an excessive levy.   Purchasers are deterred, and wisely so, from buying property offered in parcels, where the levy as a whole is so grossly excessive as to render the same voidable for fraud.

2, 3. When the purchasers of real estate at a sale under execution apply to the superior court for an order requiring the sheriff to place them in possession of the property purchased, as provided in section 5469 of the Civil Code, there is no provision of law authorizing any one to appear and object.   If, however, one claiming the land which has been sold comes in and is made a party to the proceeding by order of the court, and raises questions as to the legality of the sale, and has the title of the purchaser adjudicated in a proceeding which would otherwise affect only the question of possession, it may be that such party, by thus voluntarily submitting the question to the court, would be, as against such purchaser, afterwards estopped from again raising the questions which were expressly passed on by the court.   It is, however, unnecessary for us to so decide, as the facts of this case do not require it.

It appears that when application was made to the court for an order directing the sheriff to put the purchasers in possession of the property, an attorney representing the plaintiff in this case appeared and stated to the court various reasons why such order should not be granted; that such reasons were reduced to writing in the form of an answer to a supposed rule against the plaintiff, and filed with the clerk and afterwards withdrawn and placed in the hands of the sheriff. There was no formal application to be made a party to the proceeding in which the purchaser was applicant and the sheriff was respondent, and there was no order of the court making him a party, and the judgment of the court does not appear in terms to adjudicate any matter except such as is germane to the proceeding in which the sheriff alone would be a respondent. The plaintiff did not become a party to the proceeding by such conduct, and nothing done by him, or his counsel in his behalf, would estop him from setting up title to the property antagonistic to the title derived at the tax sale. The allegations in the answer standing alone are probably sufficient to show that the plaintiff was a party to the proceeding instituted by the purchasers against the sheriff to obtain possession, but when they are construed in the light of the exhibits which are referred to, and which purport to be the record of the case so far as it relates to the connection of the plaintiff with the proceeding against the sheriff, it appears that he was never made a party. If the facts stated in an answer are contradictory of those that appear in an exhibit, the general averments of the answer must yield to the particular facts of the exhibit. Freiberg v. Magale, 70 Tex. 116.

The exhibit showing that the plaintiff was not a party, it was therefore proper to hold on demurrer to the answer that there was no sufficient allegation that the plaintiff was a party to the proceeding therein referred to.

4. The defendant's title depending upon the tax sale referred to above, and the claim that the plaintiff was estopped by his having had the question of title adjudicated in the proceeding against the sheriff, and the case being controlled by the ruling on these two points, there was no error committed

by the judge in striking so much of the answer as attempted to set up the estoppel referred to, and in refusing to admit the entire evidence offered to prove the part so stricken. It was right therefore, under the facts of the case, to direct a verdict for the plaintiff.

*Judgment affirmed. All the Justices concurring.*