## JESSE B. HOUSE *v.* GUMBLE & CO.

1. CHANCERY COURT.   *Practice.   Violation of injunction.   Parties.*

   A purchaser of land alleged to have been sold under a deed of trust for his benefit, in violation of an injunction sued out by the grantor therein, can maintain a bill to cancel the tax deed of one who is not a party to the injunction suit, since the purchaser's deed is *prima facie* valid as against the other parties to the trust deed, and the tax title claimant is not in a position to complain of the violation of the injunction.

2. SAME.   *Exhibits to equity pleadings.   Code* 1892, ¿ 528.

   When an exhibit made a part of a bill of complaint, under code 1892, ¿ 528, is contradicted by an averment of the bill, not seeking reformation, the fact will be taken to be in conformity with the exhibit.   *Cox* v. *Simmons*, 57 Miss., 183, 203, cited.'

3. TAX TITLES.   *Lots.   Joint assessment.   Separate sale.   Code* 1892, ¿ 3814.

   Separate tax sales of two or more lots assessed as an entirety at a single valuation, being contrary to code 1892, § 3814, impart no title to the purchaser, and a tax collector's deeds to lots so sold are void.

FROM the chancery court of Washington county.

HON. A. McC. KIMBROUGH, Chancellor.

The appellees, Gumble & Co., were complainants, and the appellant, House, defendant in the court below.   The section of the code 1892 (3814), referred to in the opinion and

briefs of counsel, is as follows: "Land in cities, towns and villages shall be sold by lots or other subdivisions or descriptions by which it is assessed, and it shall not be necessary to offer less than a lot, but it shall not be an objection that less than a lot was sold, if it bring enough to pay the taxes for which it is sold."

The opinion states the case.

*J. H. Wynn* and *B. F. Wusson*, for appellants.

In paragraph 14 of the bill appears the allegation as to the assessment and sale thereunder. There was a demurrer to that portion of the bill. It is there alleged that the two lots are entire and distinct assessments, but that both are assessed to J. R. Holcomb. It is admitted that this allegation is true, but on the trial of the cause in the lower court the appellees introduced in evidence, over the objection of the appellant, exhibit "G" to the bill. This exhibit should not have been admitted in evidence, for the reason that it is at variance with the allegation which it was intended to support. This was clearly error. The sale was made exactly in accordance with the assessment, as alleged in said paragraph 14, and in the exact manner in which it should have been made, and the appellees have no right to complain. Appellee's counsel contends that § 3813 of the code of 1892, applies to sales of lands of this character. We submit that § 3813 only has reference to country lands, and has no application whatever to lands in cities, towns and villages. An altogether distinct and different method is provided by § 3814 of the code for the sale of lots in cities, towns and villages. The cases of *Nelson* v. *Abernathy*, 74 Miss. 164; *Gregory* v. *Brogan*, *Ib.*, 694; and *Higdon* v. *Salter*, 76 Miss., 766, all have special reference to sales of lands in tracts of more than forty acres, and none of them refer to a sale of lands in cities, towns and villages. Section 3814 provides that lands in cities, towns or villages shall be sold by lots or other subdivisions by which it is assessed. The

bill alleges that the west half of lot 8, and the west half of lot 9, of block 4 of the first addition to the town of Arcola, are two entire and distinct assessments, which is admitted by the demurrer to that portion of the bill. The bill also alleges that "the sheriff and tax collector offered said lots separately, to-wit: First, the west half of lot 8, in block 4, which was sold to L. R. Crouch for the taxes due thereon," and that "the west half of lot 9, in block 4, was separately offered and purchased by L. R. Crouch for the taxes due thereon." Is not this a strict compliance with the law? It is nowhere provided that the tax collector, in making sales of town lots, shall first offer one lot or subdivision thereof, as is directed as to the sale of country lands.

We come now to the question of appellees' title. They allege that they are the owners in fee simple of said lands, and they derive their title through a foreclosure sale under a trust deed executed to them by Lelia E. Holcomb and J. R. Holcomb. They must recover, if at all, on the validity of their own title, and not on the weakness of the appellant's title. But the record shows that they are not the owners of the legal title, and shows nothing more than an equitable title, if that. The injunction in cause No. 2241 (a part of the record in this cause) is against all the parties (appellees) here and against Henry E. Gumble, the trustee in the deed of trust from Holcomb to appellees. This injunction was filed, bond filed and approved, and writ issued on the day of sale and prior to the sale by Henry E. Gumble, trustee, and is still pending in the chancery court of Washington county, Mississippi. The appellees (defendants in the injunction suit) answered the injunction bill, thereby recognizing the efficiency of the injunction, and prayed for a dissolution of the bill, for the reason that the pendency of the injunction might prevent the trustee from executing a deed to them conveying the lands sold. The complainant in that bill, Lelia E. Holcomb, alleges in her bill that the indebtedness secured by said trust deed has been fully paid off and discharged,

and if this allegation be shown to be true, the appellees have no title whatever to the lands. Can it be said that her allegation as to payment is untrue? If true, the injunction would be made perpetual against the defendants therein (appellees here), and what standing would they then have in this cause?

*William Griffin,* for appellees.

The legislature in enacting § 3814, code 1892, had in view the fact that lots originally dedicated are often of large dimensions, and are frequently divided and subdivided to meet the demands of purchasers, but the same scheme is preserved in the mode of sale as is required by § 3813, code 1892. The lots in controversy were separately assessed to J. R. Holcomb, viz., west half of lot 8 and west half of lot 9, but they were valued as a whole. Instead of first offering the west half of lot 8 for the entire tax, and in default of bidders, offering both lots, as required by the statute, the sheriff apportioned the tax on the $1,000 valuation, and first sold the west half of lot 8 for one-half of the entire tax, then sold the west half of lot 9 for the other half. If there had been separate purchasers of these subdivisions, the "unique" result as charged in the bill would have happened. One of the purchasers would have owned a portion of the store and residence, and the other the remaining portion. There could have been no tenancy in common, because the buildings on the lots lie across the lines dividing lots 8 and 9, and the anomaly of one man owning one-third of the length of a store and two-thirds of the north half of two front rooms of a residence, and another the residue of the store and residence, is presented. Counsel contend if appellee had paid the taxes, this result could not have happened—a proposition that cannot be denied—but it might well be said if the sheriff had performed his duty, and sold the property as assessed, such result would also have been avoided; nor would it have happened if a small portion of the lot, on which was situated the store, had been offered for sale for the entire tax. Suppose

there had been situated a building on the west half of lot 8 worth $5,000, and another on the west half of lot 9 worth $5,000, both separate and distinct, but the whole assessed at $10,000 *in solido*, would the court have sanctioned such a sale, when the west half of lot 8 would have brought many times the taxes due on both subdivisions? But, on the contrary, if the buildings are so situated on the lots, as in this case, that a sale of a portion of the lots by subdivision, as this was, would destroy the value of the property and for all practical purposes render it incapable of division, when so sold, then the property shall be sold as assessed. Again, the spirit of the statute is violated. Who, familiar with the situation, would have purchased the west half of lot 8 not knowing whether he would acquire the west half of lot 9? Whereas, if a portion of the lot on which there was no building had been offered for the entire tax, it might have brought the same, or the property as assessed if offered for the entire tax on the whole might, and doubtless would, have brought a fair value.

This court has time and again declared: "It is not the policy nor the disposition of the government to punish the delinquent taxpayer. On the contrary, its policy is to collect the taxes with the least possible injury to the delinquent." The true construction of § 3814, as I contend, is this: That, if a portion of a lot can be sold so as to bring the entire tax, then this should be done, but, when this cannot be done, then an entire lot may be sold, and, if this cannot be done, then the property shall be sold by the subdivision or description by which it is assessed, the policy being to sacrifice as little of the delinquent taxpayer's property as possible, just as required by § 3813 in the sale of country lands by legal subdivisions.

The sale of the lots in controversy was a total departure from the statutory requirement, and is void under numerous decisions of this court, notably *Nelson* v. *Abernathy*, 74 Miss., 164; *Gregory* v. *Brogan*, 74 Miss., 694; *Higdon* v. *Salter*, 76 Miss., 766.

The defendant in this cause had no connection with the injunction proceedings, and it is too clear to make it necessary to cite authority that the allegations of the bill in that cause may have no weight in this. The injunction writ has never been served, but, long after the sale was made and the deed executed, Gumble & Co. answered the injunction bill, and there is no particular proof before the court that any notice of the injunction proceedings was had until about the time the answer was prepared and filed.

Giving the pleadings and the proof their full force and effect, and conceding that defendant is right in his contention that the injunction was sufficient to prevent the execution of a valid deed, appellees are the equitable owners of the land by virtue of the sale at which they became purchasers, and, as such, we have the right to maintain this bill. See § 500, code of 1892, and citations thereunder, and particularly 71 Miss., 679, and cases therein cited.

But, if wrong in our contention, incontrovertibly and incontestibly in this cause we are shown to have a valid, subsisting deed of trust on the premises in controversy, and, under the adjudications of all courts, as far as I know, that have passed on similar statutes or on the ancient *quia timet* equity jurisdiction, we unquestionably have the right, being beneficiaries in the deed of trust, to remove clouds from title. Counsel for defendant may deny that, as beneficiaries in the deed of trust, we are equitable owners of the land, and he may call our clients "mortgagees," "lienors," "*cestuis que trustent*," or what he may please, but all those who occupy the above positions have been held to be entitled to maintain a bill to cancel clouds on title. See 17 Enc. Pl. & Prac., 279, and notes.

TERRAL, J., delivered the opinion of the court.

Gumble & Co. filed their bill in the chancery court of Washington county to cancel two tax deeds made to L. R. Crouch

by the tax collector on the fifth day of March, 1897, of the
west half of lots 8 and 9, of block 4, first addition of the town
of Arcola, in said Washington county, Mississippi. On the
first Monday of March, 1897, the tax collector of Washington
county sold, for the taxes of 1896, the west half of lot 8, and
the west half of lot 9, of block 4, of the first addition of the
town of Arcola, in Washington county. The said two halves
of said lots were sold separately to L. R. Crouch, and were
separately conveyed to her, and, soon after the two years
allowed for redemption passed, Mrs. Crouch sold and conveyed
her tax title to said lots to the defendant, J. B. House. The
said two parcels of land, at the time of their assessment, were
the property of Lelia E. Holcomb, but were assessed to J. R.
Holcomb. Gumble & Co. allege and show, as constituting
their claim to the relief sought by them, a trust deed executed
by Mrs. Holcomb, on the ninth day of April, 1896, conveying
the property in controversy to Henry E. Gumble, as trustee,
to secure to them an indebtedness of something more than
$1,000; a sale under said deed of trust on the fourteenth day
of February, 1898, and a purchase by them of said property;
and also the execution, on the nineteenth day of February,
1898, of a deed to said property to them by said trustee. It
appears from the record that Lelia E. Holcomb, on the four-
teenth day of February, 1898, filed in the chancery court of
Washington county her bill of complaint against Gumble &
Co., the beneficiaries in the deed of trust above alluded to, and
against Henry E. Gumble, the trustee therein, alleging a pay-
ment or other discharge from said alleged indebtedness to them,
and praying relief therefrom, and with said bill she filed the
fiat of Chancellor Pintard for an injunction against the sale of
said property under said deed of trust. The injunction writ
was placed in the hands of the sheriff of Washington county on
the fourteenth of February, 1898, the day of sale, but he re-
turned the same on that day to the chancery clerk's office not
executed, because received too late, Arcola, the place of sale,

being too distant to be reached by him before the hours of sale should be ended.   It does not appear that the fiat for the injunction came to the knowledge or notice of Gumble & Co. or of their trustee until some time after the sale and conveyance of the property by the trustee to them.   The fourteenth paragraph of the bill of complaint, among other things not necessary to be recited, alleges: "That the west half of lot 8 and the west half of lot 9, of block 4, of the first addition of Arcola, are two entire and distinct assessments, but that both of said lots are assessed to J. R. Holcomb, all of which will fully appear by reference to so much of the land assessment roll of Washington county, Mississippi, made in the year 1896, as affects the west half of said lot 8 and the west half of lot 9, in block 4, of the first addition to the town of Arcola, a plat of which said block, and a copy of as much of said assessment roll as affects said lots, are herewith filed and made a part of this bill as exhibits G and H.   . . .   That said tax collector (J. B. Hebron) offered said lots separately, to wit: First, the west half of lot 8, in block 4, which was sold to L. R. Crouch for taxes due thereon, as shown by exhibit D, and the west half of lot 9, in block 4, was separately offered, and purchased by L. R. Crouch, as shown by exhibit D."   Exhibit D is a copy of the two deeds of the tax collector to these two parts of said lots 8 and 9, separately sold and conveyed for the recited consideration in each deed of $13.

Exhibit "G," being a copy of the real assessment roll of said Washington county, as far as it pertains to the property in controversy, is as follows:

Opinion of the court.

| OWNER'S NAME. | Division of Section. | Section. | Township. | Range. | Total Value of Cleared Land. | Total State Tax on both Cleared and Uncleared Land for 1896, at 6 Mills. | Total Number of Acres. | Total Ad Valorem Levee Tax. |
|---|---|---|---|---|---|---|---|---|
| J. R. Holcomb | Town W² | of 8 | Arco | la. | 1st | Add. | | |
| Do. | W² | 9 | | | 1,000 | 600 | 2 | 5.00 |

And to this is attached the affidavit of the assessor and the certificate of the chancery clerk of said Washington county. The chancery court canceled the tax deeds, and House appeals.

1. The contention of the appellant is that his tax title is good; that if bad Gumble & Co., for want of interest, have no right to attack it. It is clear, however, that the sale of the property by trustee, and the execution of the deed thereunder, passed title in form at least to Gumble & Co., which is *prima facie* good, and will inure to their protection until it be divested out of them by some ·appropriate proceeding, and until so divested, the title, legal and equitable, will be taken to be in appellees. J. B. House is not a party to the injunction suit of Mrs. Holcomb, and he cannot complain of a violation of the injunction, if such violation had occurred. *Cocks* v. *Simmons*, 57 Miss., 183, 203.

2. Our statute (code, § 528) reads: "*Exhibits made part of bill.*—Exhibits filed with a bill, as part of it, shall be considered on demurrer as if copied in the bill." And, while paragraph 14 of the bill expressly affirms that the assessment of the west halves of lots 8 and 9, block 4, first addition of Arcola, are separately assessed upon the assessment rolls of Washington county, it also sets out a copy of the assessment roll relating to said lots, duly certified, as exhibit G to the bill of complaint. We have, then, before us an exhibit, made a

part of the bill of complaint by our statute, which shows a joint assessment of the west halves of lots 8 and 9, block 4, first addition of Arcola, with an accompanying averment in the body of the bill that the assessment of these two parts of lots 8 and 9 were separately assessed; or, in other words, there is a clear contradiction between the exhibit and the allegation relating to it. It must be admitted that, before the adoption of § 528 of the code, good pleading required all material averments of fact to be stated in the bill and did not permit them to be brought into the case through an exhibit, but § 528 is a clear exercise of legislative power, and it is the duty of the courts to give to it its full force and effect.

By virtue of the statute exhibit G became a part of the bill of complaint; and the averment relating to it could not qualify its nature and character. The exhibit, being a part of the bill, was before the court for its opinion and judgment, and any characterization of it by the pleader could not alter its essential nature. And where an exhibit, made a part of the bill by the statute, is contradicted by some averment of the bill, the fact will be taken to be in conformity with the exhibit. The exhibit, especially when it is a copy of a record, is to be taken as true, rather than a contradictory averment in the pleading relating to the same fact. *Williamson* v. *White*, 101 Ga., 276, 279, s. c. 28 S. E., 846; *Deposit Co.* v. *Lackey*, 149 Ind., 10, 14, s. c. 48 N. E., 254; *Freiberg* v. *Magale*, 70 Tex., 116, 7 S. W., s. c. 684. We have, then, a joint assessment of the west half of lot 8 and of the west half of lot 9 at one valuation for the whole of said west half of said lots, but a separate sale of the west half of lot 8 and the west half of lot 9 by the tax collector. It seems to us that this tax sale was void. Section 814 would have authorized the tax collector to have sold either half of these lots, or any smaller part thereof, if it should have brought the whole tax to be collected; but if a part of land jointly assessed does not bring the whole tax, the entire lot, or parts of lots, jointly assessed should be sold together; for

where several parcels of land are assessed as an entirety at one sum, and a part of the tract, when offered for sale, will not bring the tax assessed on the property, then the entire tract must be sold together, and it is not competent for the tax collector to apportion the tax to separate parts of the tract, and to sell the several parts of the tract separately, and if he do so his action is illegal, and the sale is void. In *O'Neill* v. *Tyler*, 3 N. D., 47, 53 N. W., 434, where two lots in a town were listed at one lump sum, but each lot was separately sold, the court said: "It is well settled that where distinct parcels of real estate are properly grouped as an entirety for valuation, and one tax is laid against the total value, the tax sale, if made, must correspond to the previous grouping and valuation of the property. No tax collector possesses the legal authority to arbitrarily divide the sum apportioned as a tax against such aggregate valuation, and sell a separate parcel for the whole tax or any part of the tax. There being no tax against either lot as a separate parcel, there could lawfully be no separate tax sale of either lot." This rule is supported by the following authorities: Cooley, Tax., 493, 494; Desty, Tax., 871, and notes; Black, Tax Titles, sec. 123. The tax titles of Mrs. Crouch held by House were invalid, and the decree of the court annulling the same is approved.

*Affirmed.*