9452. BECKHAM, trustee, *v.* LINDSEY.

WADE, C. J. Lindsey went into possession of certain realty as a tenant,
  and in April, 1915, the property was regularly and legally sold under
  a tax execution against his landlord, and, he becoming the purchaser,
  a conveyance was executed and delivered to him by the proper officer,
  vesting in him the title to the property, subject only to its possible
  redemption within twelve months after the sale, under the provisions
  of section 1169 of the Civil Code of 1910. On December 30 of the same
  year the landlord was duly adjudicated a bankrupt, and on April 20,
  1916 (more than twelve months after the sale of the property under the
  tax execution), the plaintiff in error was duly qualified as trustee for
  the bankrupt. The tenant remained in possession of the property during
  that entire period, and still remains in possession, being actually so in
  possession when the time expired within which the defendant or his
  creditors, or others thus protected by the statute, had the privilege of
  redeeming the property by repaying the amount paid by the purchaser,
  with ten per cent. premium thereon from the date of the purchase to
  the time of payment. The tenant paid the rent in 1915 in full, but,
  failing to pay the rent for 1916, the trustee of his landlord, appointed
  by the court of bankruptcy, sued out a distress warrant to recover
  $100 as rent for the year 1916. Neither within twelve months from
  the date of the purchase nor at any time since was the purchase-money
  ever tendered back. The jury found a verdict in favor of the trustee
  in bankruptcy for $20 only, the verdict evidently being for the rent
  of the premises in dispute from the first of January of that year to the
  second Tuesday in April, 1916, when the period of redemption expired.
  The trustee made a motion for a new trial, which was overruled, and
  he excepted. *Held:*
1. A purchaser at a tax sale gets title subject only to the right of re-
  demption; and if the property be not redeemed within the time pre-
  scribed by law, his title becomes as absolute as a grant from the State
  could make it. *Verdery* v. *Dotterer*, 69 *Ga.* 194, 198; *Bennett* v.
  *Southern Pine Co.*, 123 *Ga.* 618 (1,2) (51 S. E. 654); *Elrod* v. *Owens-
  boro Wagon Co.*, 128 *Ga.* 361 (57 S. E. 712).
 (*a*) It is otherwise as to a certificate of sale by a deputy-collector of in-
  ternal revenue for internal-revenue taxes, for in such cases the certificate

is not evidence that title has passed, but is evidence only that the holder has the right to acquire title by deed or receive money necessary to effect a redemption. *Flemister* v. *Flemister*, 83 *Ga*. 79 (9 S. E. 724).

(*b*) The decision in *Eppstein* v. Orahood, 156 Fed. 42 (84 C. C. A. 208, 17 L. R. A. (N. S.) 465), to the effect that a pre-existing tax lien or claim can not be converted into a full title by the procurement of a tax deed without the court's sanction, is not applicable to this case. Here the title, subject only to a *possible* defeasance, was vested by deed in the purchaser at the tax sale at the time of his purchase, and no affirmative act on his part or on the part of any other person was necessary to make the title absolute. The trustee did not in fact qualify as such until after the legal title had become absolute in the defendant; and, since he took no greater rights than those possessed by the bankrupt, and no tender was or could have been made by him within the period of limitation, the right of redemption having expired, the title became absolute.

(*c*) The defendant being actually in possession when his title became absolute upon the expiration of the period of redemption, from that date no rents were recoverable from him.

2. Since rents accruing within twelve months after a tax sale may not be used to supplement cash tendered in redemption (*Lamar* v. *Sheppard*, 84 *Ga*. 561, 10 S. E. 1084), and a purchaser at a tax sale is not entitled to rents, issues, and profits accruing between the time of his purchase and the redemption of the property (*Jones* v. *Johnson*, 60 *Ga*. 260), rent for the premises after the legal sale, not paid by the tenant purchaser, was recoverable up to the time his deed became absolute.

3. There was evidence to sustain the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED APRIL 10, 1918.

Distraint; from Colquitt superior court—Judge Thomas. November 24, 1917.

*P. Q. Bryan, James L. Dowling,* for plaintiff.

*Parker & Gibson,* for defendant.