## REYNOLDS *v.* BICKERS-GOODWIN COMPANY *et al.*

· The premium provided for in the Civil Code (1910), § 1169, in reference to redemption of property sold under tax fi. fas., means payment of ten per cent. in addition to the amount of purchase-money, without regard to the time elapsing between the sale and the redemption.

No. 4969. DECEMBER 16, 1925.

Equitable petition. Before Judge Park. Greene superior court. May 23, 1925.

*Miles W. Lewis,* for plaintiff in error. *J. G. Faust,* contra.

ATKINSON, J. It is provided in the Civil Code (1910), § 1169: "Where real estate has been sold under any State, city, county, or school tax fi. fa., the same may be redeemed at any time within twelve months after the sale, . . by paying the purchaser the amount paid by said purchaser for said land, with ten per cent. premium thereon from the date of the purchase to the time of payment." The sole question in this case is whether the words "ten per cent. premium," used in the above-quoted section of the code, should be construed to mean a flat ten per cent., without regard to the time elapsing between the date of the sale and the date of the payment for the purpose of redeeming the land, or whether it should be construed to mean that the premium is to be paid at the rate of ten per cent. for the ratio of time elapsing between the purchase and the payment for redemption, as compared to the twelve months allowed for such redemption. The trial court construed the language to mean that in order to redeem land sold under tax fi. fas. the owner must pay the amount paid by the purchaser and a flat ten per cent. premium, regardless of the time. The exception is to this judgment.

In instances of the sale of "wild land" the provision is that the land may be redeemed, "within two years from the date of such sale, by paying to the purchaser the amount paid by such purchaser, together with interest thereon at the rate of twenty per cent. per annum." Civil Code (1910), § 1173. If in instances of sale of land other than wild land the legislature had intended that the land might be redeemed by payment to the purchaser the amount paid by him, with *interest* at a stated *rate per annum,* it would have so declared as it did with reference to redemption of wild land. It did not do so. It declared that the purchaser

Taxation 37 Cyc. p. 1410, 77.

should be repaid the amount which he had paid for the land and a stated *premium*. The exact language is, "by paying the purchaser the amount paid by said purchaser for said land, with ten per cent. premium thereon from the date of the purchase to the time of payment." The two sections of the Code show that the legislature had in mind a difference between *interest at a stated rate per annum* and *a premium in the form of a lump sum* to be paid within the time in which the different classes of property could be redeemed, and that it so declared. The word "premium" can no more be written out of the statute than the words "from the date of the purchase to the time of payment." None of the words are written out when the statute which allows redemption "within" one year is given the construction that, in order to redeem, the purchaser must be repaid the amount paid by him and paid in addition thereto a lump sum of ten per cent. thereof as compensation for the use of the money for the entire time, whatever it may be, within one year between the date of the purchase and the time of repayment or redemption. That would give proper effect to all the language of the statute, and it should be so construed by the courts.

In the case of *Lamar* v. *Sheppard,* 84 *Ga.* 561 (10 S. E. 1084), certain land that was not wild land was sold for taxes in July at the price of $15. During the fall of the same year certain persons as agents of the owner, one of them having $15 in hand and the other $16 in hand, applied to the purchaser to redeem the land, and each was informed by the purchaser that it would require $50 to redeem. It was held by this court, in substance, that in order to comply with the statute it was necessary to tender to the purchaser the $15 which he had paid for the land and also ten per cent. thereof, being $1.50, amounting in all to $16.50, and consequently the tender would not have been sufficient even if the purchaser had not informed them that it would require $50 to redeem the property. In so ruling the court necessarily construed the statute in accordance with the views above expressed. In the second division of the opinion it was said by Judge Bleckley: "As to the two tenders relied upon, one made by Mrs. Lamar and the other by Harris at the request of Lamar himself, neither of them, according to the evidence, was sufficient in amount to effect redemption, the sum paid at the tax sale being $15.00 and the ten

per cent. premium thereon amounting to $1.50, raising the aggregate to $16.50. Neither of these parties tendered more than $15.00, nor did either of them have at the time more than $16.00. If Sheppard said it would take $50.00, that would have excused the production of the money, had the person making the tender been possessed of as much as $16.50 that could have been produced. But we see not how it could render a tender of $15.00 or even $16.00 sufficient, when $16.50 was the amount required to redeem according to law. What the property brought at the tax sale was no secret in the keeping of Sheppard, and it is not suggested that Mrs. Lamar or Harris was dependent upon him for information as to that fact. They seem to have known it. But what they did not know, or did not regard if they had knowledge of it, was their legal duty to tender ten per cent. premium in addition to the $15.00. They simply undertook to make a tender without being prepared to comply with the law, and it can not be said to have been the duty of Sheppard to aid them by calling their attention to his legal rights. It does not appear that they were deterred from tendering $1.50 more than they did tender by his declaration, if he made it, that it would require $50.00. They, knowing what the property brought at the sale, should have ascertained for themselves how much would redeem it, and should have made a tender of that amount. To tender a less amount was the same as making no tender at all."

*Judgment affirmed. All the Justices concur, except Hill and Gilbert, JJ., dissenting.*

GILBERT, J. Considering the entire phrase, "with ten per cent. premium thereon from the date of the purchase to the time of payment," I construe the statute to mean at the rate of ten per cent. per annum. To construe the statute otherwise, that is, to mean flat ten per cent. premium, without regard to time, would be to discard or to treat as redundant the other words, "from the date of the purchase to the time of payment," and this we are not authorized to do. This premium is in the nature of a penalty, and therefore should be construed strictly against the person to whom payment is to be made. The use of the word "premium" does not militate against this view. There are numerous decisions collected in 2 Words & Phrases (2d Series), 1145, holding that " 'Interest' is a premium for the use of money; . . . Webster

defines 'interest' as a premium paid for the use of money, usually reckoned as a percentage. Hagan v. Commissioners' Court of Limestone County, 160 Ala. 544, 49 So. 417, 37 L. R. A. (N. S.) 1027. 'Interest' is a consideration paid for the use of money, or for forbearance in demanding it when due.". And see other definitions with citations of authority there collected.

The writer is of the opinion that the view above expressed does not conflict with the ruling made in *Jones* v. *Johnson,* 60 *Ga.* 260, and *Lamar* v. *Sheppard,* 84 *Ga.* 561 (2) (supra). In the first of these cases the legal questions made were, "first, was the levy right and the sale good under it, or was the levy excessive?" The other question was "to whom should the rents go, to the purchaser at the tax sale or to the owner after she has redeemed the land as allowed by law?" The amount of interest was not brought in issue. In the second case, *Lamar* v. *Sheppard,* the main question was, as stated in the opinion, "whether rents paid by Mrs. Lamar to Sheppard during the first year after the tax sale at which Sheppard purchased can now be treated as having been paid towards redeeming the premises, so as to supplement the amount of cash tendered in that year for the purpose of effecting redemption." The evidence tended to show a tender to the purchaser of $15, the amount paid at the tax sale, and another tender of $16, being purchase-money, and $1 premium, within about six months after the sale. As a physical precedent this case would seem to have treated the law as requiring a flat ten per cent., but as a matter of fact the amount of premium, whether a flat premium or a premium at the rate of ten per cent., was not made. It must be conceded that in the trial of the *Lamar* case the court proceeded and rendered its decision on the theory that the amount of premium required by law was a flat ten per cent., regardless of the time. That is evident from the language used. What is contended, however, is that Lamar, in endeavoring to redeem the property, never made any contention that she had a right to redeem by paying less than the flat ten per cent.; consequently it would seem that there was no issue as to whether the premium required by law was a flat ten per cent. or pro rata. I am authorized by Mr. Justice Hill to say that he concurs in this dissent.