### MILLER v. JENNINGS.

HINES, J. 1. The principle that one who is bound to pay the tax on property can not strengthen his title by purchasing at a tax sale, and that such purchase will be treated as payment of the tax (Civil Code (1910) § 1164; *Burns* v. *Lewis*, 86 *Ga.* 591, 13 S. E. 123), is not applicable where the purchaser at the tax sale is not the person bound to pay the tax, but another, who is in no way bound for its payment, and who purchases it upon his own account; nor is such principle applicable where such purchaser at the tax sale conveys the property to another, although

the latter buys the property for the use of the taxpayer, to whom she agrees to convey it upon the payment to her by the taxpayer of the amount which she is out upon the purchase, when such amount has not been paid.

2. The principle, that "before levy upon property in a house and lot, indivisible and of great value, to pay city taxes, the marshal of the city should exhaust smaller and less valuable parcels assessed by the city at more than enough to pay . . the tax fi. fa. levied (*Jones* v. *Johnson*, 60 *Ga.* 260), is inapplicable, as it does not appear, under the facts of this case, that any smaller and less valuable parcels of land were assessed by the city against the taxpayer, from which the tax could be made.

3. The levy of a tax execution upon a house and lot of much greater value than such execution, where the lot is capable of being subdivided into parcels, any one of which is of sufficient value to discharge the fi. fa., is excessive, and a sale of the entire property is void. *Doane* v. *Chittenden*, 25 *Ga.* 103; *Williamson* v. *White*, 101 *Ga.* 276 (28 S. E. 846, 65 Am. St. R. 302); *Stark* v. *Cummings*, 127 *Ga.* 107 (56 S. E. 130); *Planters Bank* v. *Ga. Loan & Trust Co.*, 160 *Ga.* 107 (127 S. E. 413); *Carter* v. *Moody*, 160 *Ga.* 849 (129 S. E. 163). But, in the absence of evidence that the lot was capable of subdivision, the sale of the house and lot would not be void because their value was much greater than the amount due on the tax fi. fa.

4. "Generally a sale of property under legal process will not divest the State of its lien for taxes (Civil Code (1910), § 1141); nor a municipality of its lien for taxes. *Freeman* v. *Atlanta*, 66 *Ga.* 617." *Empire Cotton Oil Co.* v. *Park*, 147 *Ga.* 618 (95 S. E. 216); *LaGrange Grocery Co.* v. *LaGrange*, 31 *Ga. App.* 97 (119 S. E. 536).

5. Where the vendee held possession of a house and lot under bond for title, returned the same for taxes for the year 1921, and was assessed for the taxes due the City of Atlanta thereon for said year, and where on November 8, 1922, the vendor obtained a judgment against the vendee for the balance of the purchase-money due on said house and lot, and, after filing and having recorded a quitclaim deed to the vendee, had the execution on his judgment levied upon this property, and sold the same to another on December 5, 1922, the sheriff making a deed to the purchaser, the lien of the City of Atlanta for said taxes was not divested by said sheriff's sale; and a sale under levy of said tax fi. fa. not otherwise illegal, and a conveyance by the marshal of said house and lot to one buying at said tax sale, vested in such buyer a good title to said property.

6. While the general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove possession in himself (*Weyman* v. *Atlanta*, 122 *Ga.* 539 (2), 50 S. E. 492; *Mentone etc. Co.* v. *Taylor*, 161 *Ga.* 237, 130 S. E. 527), under the uniform procedure act of 1887 it is competent for the plaintiff to obtain both legal and equitable relief in the same suit (*Gilmore* v. *Hunt*, 137 *Ga.* 272, 275, 73 S. E. 364); and where a plaintiff seeks to have the title to land declared to be in herself, in addition to cancellation and injunction, the fact that the plaintiff fails to show posses-

sion in herself does not prevent her from having the title to the property adjudged to be in her, although such fact would defeat the cancellation sought.

7. Applying the above principles to the facts of this case, the court erred in directing a verdict for the defendant.

*Judgment reversed. All the Justices concur.*

No. 6830. FEBRUARY 15, 1929.

*McElreath & Scott,* for plaintiff.
*George & John L. Westmoreland,* for defendant.