BAXLEY STATE BANK *v.* DOUGLAS *et al.*

No. 12145. MARCH 11, 1938.

*Wade H. Watson* and *I. J. Bussell,* for plaintiff.
*C. A. Williams,* for defendants.

On May 24, 1928, Mrs. Maggie Douglas executed a deed conveying a described city lot to the Citizens and Southern National Bank, as security for certain promissory notes aggregating $700. The lot was approximately 65 by 210 feet. The security deed together with the notes were transferred to the Baxley State Bank. Mrs. Douglas made several payments, after which she executed renewal notes on February 2, 1934, to the Baxley State Bank for the balance due. In 1932, before the last renewal, 60 by 100 feet, including the portion of the lot on which the house was located,

was levied on to satisfy 1931 State and county taxes. On December 6, 1932, the sheriff executed a tax deed conveying such part of the lot to Bacon County. On March 9, 1934, Bacon County executed a deed conveying that part to Gladys Douglas, a daughter of Mrs. Douglas, who lived in the house with her. The consideration of the tax deed was $43.27. On April 30, 1935, the Baxley State Bank instituted an action against Mrs. Maggie Douglas and Gladys Douglas, seeking to foreclose the security deed. The petition as amended alleged that $283.64 principal was due and unpaid on the notes, and contained prayers (a) for a judgment against Mrs. Douglas; (b) for cancellation of the tax deeds as a cloud on petitioner's title; (c) that the judgment be a special lien on the land described in the security deed, superior to any claim of Gladys Douglas, "except such lien as she may be able to show she is entitled to, if any, on account of payment of any taxes or otherwise." Gladys Douglas answered and claimed title to the part of the lot levied on and sold for taxes. She prayed for (a) cancellation of the security deed as a cloud on her title, and (b) that her title to the part of the lot claimed be decreed superior to that claimed by the plaintiff. On the trial the evidence was conflicting as to whether the tax levy was excessive, and whether the property was susceptible of division so that a part could be levied on without selling the whole. On the question whether the State received its part of the proceeds from the tax sale, W. L. Johnson, a witness for plaintiff, testified that he had acted as sheriff a good many years; that he made a levy on the property in 1932, and made the sale to the county; the only thing he got was the costs. On cross-examination he testified that he did not know of his own knowledge that the State did not receive its part of the tax represented by the fi. fas.; that the only thing he knew was they had not paid him anything except the costs, and that was all that was due him out of it, and the county paid him that. He did not know whether the county had paid its part of the tax or not.

The jury returned a verdict in favor Gladys Douglas on her claim to the part of the lot, and against Maggie Douglas for the balance due on the notes, with interest and attorney's fees. The plaintiff's motion for new trial was overruled, and it excepted.

ATKINSON, Presiding Justice. ■ In *Miller* v. *Jennings,* 168 *Ga.* 101 (147 S. E. 32), it was held: "The levy of a tax execu-

tion upon a house and lot of much greater value than such execution, where the lot is capable of being subdivided into parcels, any one of which is of sufficient value to discharge the fi. fa., is excessive, and a sale of the entire property is void. *Doane* v. *Chittenden,* 25 *Ga.* 103; *Williamson* v. *White,* 101 *Ga.* 276 (28 S. E. 846, 65 Am. St. R. 302); *Stark* v. *Cummings,* 127 *Ga.* 107 (56 S. E. 130); *Planters Bank* v. *Ga. Loan & Trust Co.,* 160 *Ga.* 107 (127 S. E. 413); *Carter* v. *Moody,* 160 *Ga.* 849 (129 S. E. 163). But, in the absence of evidence that the lot was capable of subdivision, the sale of the house and lot would not be void because their value was much greater than the amount due on the tax fi. fa." In the instant case the evidence on the question of divisibility of the property into lesser parts, one or more of which would be sufficient to satisfy the tax fi. fa., was contradictory, and did not demand a finding that the sale was void because the value of the property was much greater than the amount of the tax. On the question of excessiveness of the levy being one for the jury see *Clark* v. *C. T. H. Corporation,* 181 *Ga.* 710 (12) (184 S. E. 592). The ruling in *Douglas* v. *Baxley State Bank,* 183 *Ga.* 132 (187 S. E. 632), that "The evidence in the case did not demand a verdict in favor of the defendant," was not a decision that the evidence would or would not authorize a verdict for the defendant.

■ "Where the ordinary of a county having control of the roads · and revenues of the county bids off real estate under the provisions of the Civil Code of 1910, § 1169 (Code of 1933, § 92-8301), at a sale under an execution for State and county taxes, and receives a deed from the sheriff, the sale is not complete and the owner will not be in default in relation to redemption of the property under the Civil Code of 1910, §§ 1178, 1179 (Code of 1933, §§ 92-8201, 92-8202), until the ordinary has paid the full amount of his bid including the taxes and interest thereon due the State." *Newsom* v. *Dade County,* 180 *Ga.* 403 (179 S. E. 89). On application of that ruling to the evidence, including the testimony of the sheriff that "the consideration of the deed was never paid to me except I was paid the cost for making the sale. . . I don't know of my own knowledge that the State has not received its part of that tax," the jury would have been authorized to find that the tax sale was incomplete, and consequently that no title passed in virtue of the sheriff's deed to the county, and the county's deed to the

defendant. In the circumstances an instruction, "if on the other hand you do not find that the property was capable of division and the levy excessive, then . . you should find in favor of the defendant, Gladys Douglas," was erroneous, as contended, (1) because it eliminated any other question except excessive levy, one contention being the purchase-price at the tax sale had never been paid, and the State had not received its part; (2) the charge in the circumstances tended to mislead the jury in favor of defendant. The case is not affected by the act of 1937 (Ga. L. 1937, p. 446), adopted since the date of sale in question.

■ The judge charged: "Every officer of the law, including the county commissioners, sheriffs, and every officer, is presumed to do his duty in connection with any official matter that he handles; that is the law of the State." Having delivered this charge, it would have been appropriate to charge further that the presumption referred to was rebuttable. Whether or not failure so to charge was erroneous is not decided, since the judgment is reversed for error in the charge as above indicated; and no ruling is made on the general grounds of the motion for new trial.

*Judgment reversed. All the Justices concur.*