DURHAM *v.* CRAWFORD.

No. 14531.   JULY 8, 1943.

*O. J. Tolnas,* for plaintiff.

*W. W. Armistead* and *Erwin & Nix,* for defendant.

JENKINS, Justice. ■ In this action of ejectment by an original owner of land against a purchaser from a county, holding under its deed to him and a deed by the sheriff to the county by virtue of a sale in 1928 for state and county taxes, the rights of the parties as to the time for a tax redemption are controlled by the law as it existed at the time of the tax sale (Park's Code, §§ 1169, 1170), and not by the present law under the act of March 31, 1937 (Ga. L. 1937, pp. 491, 493, 496; Ann. Code 1933, §§ 92-8301 et seq.), since sec. 3 of that act expressly provides that it shall not "apply to or affect any tax sale heretofore held or any tax deed now outstanding, as to which the sections of the Code hereby [repealed]

shall remain of full force and effect." As to the time when the right of redemption expired after the county authorities bid the land in for state and county taxes, this case is also controlled by the previous (Park's) Code, §§ 1178, 1179, and the decisions thereunder as to the time when such tax sales were complete, from which the redemption period was computed, and not by the new act of March 27, 1937 (Ga. L. 1937, pp. 446, 448; Ann. Code, §§ 92-8201, 92-8202), providing an earlier time of completion, since the date of the tax sale in question preceded such act. *Baxley State Bank* v. *Douglas,* 185 *Ga.* 743, 746 (196 S. E. 405).

■ Under the law preceding the act of March 31, 1937, a redemption was effected by payment to the purchaser within twelve months of the amount paid by said purchaser, with ten per cent. premium from the date of purchase to the time of payment. Code of 1910, §§ 1169, 1170. This time of limitation did not begin to run until the payment by the purchaser of the amount of his bid at the tax sale. *Wood* v. *Henry,* 107 *Ga.* 389 (33 S. E. 410); *Zugar* v. *Scarborough,* 186 *Ga.* 310 (2), 321 (197 S. E. 854). Where land was bid in by county authorities for state and county taxes, a sale made before the act of March 27, 1937 (Ann. Code, § 92-8201) was "not complete, and the owner [was not] in default in relation to redemption of the property . . until the [county authorities] paid the full amount of [the] bid including the taxes and interest due the State." *Baxley State Bank* v. *Douglas,* supra. The motion to overrule this unanimous decision, following the majority ruling in *Newsome* v. *Dade County,* 180 *Ga.* 403 (179 S. E. 89), in which two Justices dissented, is denied. Accordingly, under the stipulation in the present case that the proceeds due to the State from the tax sale were not paid until September 22, 1941, the redemption period did not expire until twelve months from that date.

■ Under the previous as well as the present law, if the amount required by law is paid, or a proper tender thereof is made, within the redemption period allowed, the effect was and is "to put the title conveyed by the tax sale back into" the owner. Park's Code, § 1170; Ann. Code 1933, § 92-8302; *Bennett* v. *Southern Pine Co.,* 123 *Ga.* 618, 621, 622 (51 S. E. 654), and cit.; *Lamar* v. *Sheppard,* 84 *Ga.* 561 (2), 568 (10 S. E. 1084). Under the previous law controlling this case, before such a proper payment or tender the

purchaser held a defeasible title, subject to the right of redemption; but the fact that the title was defeasible did not prevent him, during the redemption period, from receiving a deed from the officer selling the property, or from conveying to another his own defeasible title; and this title, by operation of law, became absolute in him or his grantee when the redemption period expired. *Braswell* v. *Palmer,* 191 *Ga.* 262 (11 S. E. 2d, 889); *Verdery* v. *Dotterer,* 69 *Ga.* 194 (2), 198; *Bennett* v. *Southern Pine Co.,* supra; *Elrod* v. *Owensboro Wagon Co.,* 128 *Ga.* 361, 364 (57 S. E. 712); *Jones* v. *Johnson,* 60 *Ga.* 260; *Elrod* v. *Groves,* 116 *Ga.* 468 (42 S. E. 731); *Beckham* v. *Lindsey,* 22 *Ga. App.* 174 (95 S. E. 745).

■ Under the former judgment on general demurrer to the previous equitable petition against the county and the sheriff, seeking to have the tax deed in the present case declared void and canceled, the plaintiff in the instant action of ejectment, who was also the plaintiff in the previous case, was bound by the judgments and decisions against her, not only as to what she alleged in her former suit, but by what she could have alleged by way of amendment. Code, § 110-501; *Redwine* v. *Frizzell,* 186 *Ga.* 296, 299 (197 S. E. 805), and cit.; *Sumner* v. *Sumner,* 186 *Ga.* 390 (2) (197 S. E. 833); *Dunton* v. *Mozley,* 42 *Ga. App.* 295 (155 S. E. 794), and cit. The essential questions in both cases concerned not only the alleged excessiveness of the levy, but the sufficiency of the tenders as made by the plaintiff. In the previous litigation the trial court and this court held that the tenders there alleged were insufficient. 186 *Ga.* 565, 188 *Ga.* 233, supra. These judgments and decisions bind the plaintiff both as to the tenders which she then pleaded and as to any tenders then made which she could have then pleaded.

However, the plaintiff in the present litigation sought to show two tenders made subsequently to the previous litigation: (1) a tender of the taxes paid by the county at the tax sale, plus the statutory ten per cent., a total of $745.02, made to the county on October 7, 1941, during the pendency of the present suit; and (2) a tender of a draft for the same amount, which after refusal was deposited with the clerk of the court as an alleged "continuous tender" made to the defendant at the trial.

On the ground of excessive levy, and under the previous holding in *Durham* v. *Smith,* supra, that the plaintiff, in order to have

relief on that ground, must have tendered to the purchaser "the amount paid by such purchaser, with interest," the first question presented is whether, on the ground of excessive levy, the doctrine of res judicata bound the plaintiff in her subsequent suit, so as to preclude her from later making and alleging any subsequent tender; that is, under the rule in excessive levy cases that he who seeks equity must do equity, necessitating that the plaintiff should make and allege a sufficient tender before seeking to set aside the alleged excessive levy, whether she should not only have made such a tender before the previous suit, but whether her failure to do so would prevent any future tender as a basis for this subsequent suit or the ground of excessive levy.

Such an extension of the effect of the previous judgment, however, would seem contrary to the general rule that a former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants; although, in the absence of evidence to the contrary, the facts as they existed at the time of the former judgment would be presumed to continue. 34 C. J. 905, § 1313; 30 Am. Jur. 943, § 206; and cit. Under an analogous situation, involving a former judgment in a claim case in favor of the claimant, because the defendant in fi. fa., on account of an outstanding security deed, then had no leviable interest in the land, and because the plaintiff in fi. fa. had not previously paid or tendered the balance due on such deed, this court has held that such a judgment did not preclude the plaintiff in fi. fa. from subsequently making a good continuous tender to the security deed holder, thereby giving to the debtor a leviable interest, so that on showing this in an equitable petition the property could be subjected. *McLendon* v. *Shumate,* 128 *Ga.* 526, 528 (57 S. E. 886). In the opinion it was said that while the judgment in the former claim cases concluded both the claimant and the plaintiff in fi. fa., "not only as to the question actually tried, but also such as might have been made upon the trial," yet "the balance due . . had neither been paid nor tendered when the levy in the former case was made, and therefore the status of the title after such payment or tender could not have been in issue. The matter

adjudicated by that decision was that the property was not then subject. . . How, then, can [the plaintiff in fi. fa] be concluded by a judgment which merely adjudicates that his former levy was void because the defendant in fi. fa. had no leviable interest at the time of the levy, when, subsequently to that levy, by tender of the balance due . . a leviable interest has been created."

(a) On the other ground of the petition, that the plaintiff's tenders to the county and its purchaser, the present defendant, effected a redemption of the property under the tax-redemption statutes as they existed at the time of the 1928 tax deed, and that the plaintiff thereupon acquired good title and the county and its purchaser lost their defeasible title,—especially would the rule of res judicata not operate to bar the plaintiff from making and showing any new tenders made after the previous litigation, so as thereby to redeem the property and effect a revesting of title in her, without regard to any question as to excessiveness of the levy. This is true since, under the preceding ruling, the plaintiff's right of redemption, regardless of the previous suit, continued until twelve months after the county authorities paid to the State, on September 22, 1941, its part of the proceeds of the tax sale; and since a judgment as to title is not conclusive as to a new title acquired after the rendition of such judgment. *Forrester* v. *Lowe,* 192 *Ga.* 469 (15 S. E. 2d, 719) ; 34 C. J. 943, and cit.

(b) Accordingly, under either theory of the present action, the plaintiff was not precluded by the rules of res judicata from making and showing good tenders of the taxes paid by the county for the tax deed, plus the required ten per cent. premium, which might have been made after the previous equity suit and within twelve months from September 22, 1941; but the sufficiency and effect of these alleged tenders are controlled by other legal principles, which are next dealt with.

■ The rule is well settled, that, "when an action is brought for the recovery of land either under the common-law form or under the Code, the plaintiff must recover, if at all, upon the state of the title as it subsisted at the commencement of the suit;" and that "evidence of any after-acquired title is wholly inadmissible" and ineffective to prove the required title. *Deas* v. *Sammons,* 126 *Ga.* 431 (55 S. E. 170, 7 Ann. Cas. 1124) ; *Lee* v. *Pearson,* 138 *Ga.* 646 (75 S. E. 1051) ; *Hall* v. *Simmons,* 125 *Ga.* 801 (2) (54 S. E.

751); *L. & N. R. Co.* v. *Ramsay,* 134 *Ga.* 107 (2), 110 (67 S. E. 652); *U. S. F. & G. Co.* v. *Tucker,* 165 *Ga.* 283, 286 (140 S. E. 866); *Elmore* v. *Thaggard,* 130 *Ga.* 701, 705 (61 S. E. 726). It is also the general rule, under the maxim that he who would have equity must do equity (Code, § 37-104), not only that the party seeking equitable relief shall have paid or tendered the sum due to the other party, but that he shall have done so "before the filing of the suit, unless the tender or offer to restore be excused upon some equitable ground." *Harton* v. *Federal Land Bank of Columbia,* 187 *Ga.* 700 (2 S. E. 2d, 62); *Clisby* v. *Macon,* 191 *Ga.* 749 (13 S. E. 2d, 772); *Williams* v. *Fouché,* 157 *Ga.* 227, 229 (121 S. E. 217). Since in this action of ejectment the plaintiff's right to recover the land depended upon the status of the title when the suit was brought, and the plaintiff could not recover on a revesting ,of the title in her after the filing of the action, both of the tenders made during the pendency of her suit, one to the county in October, 1941, and the other to the defendant purchaser from the county on the day of the trial, were ineffective.

(*a*) Moreover, a tender on an offer to redeem property from taxes not only "must be made in due time and manner," but "be continuous," with "a continuous offer to pay;" and if such continuity is not otherwise shown, at least the bringing of the money into court on the filing of the suit is necessary in place of the continuous offer by pleading." *Clower* v. *Fleming,* 81 *Ga.* 247 (3), 253, 254 (7 S. E. 278). For this reason, the first of the alleged tenders mentioned was insufficient, since it was not shown to be continuous, nor was any money brought into court when the complaint for land was filed.

(*b*) The first tender was insufficient for the additional reason that the record shows it was made to the county authorities after they had sold to the present defendant their defeasible title, had received from this defendant the tax money consideration, and had executed to him a deed; and under the averments of the present petition, the plaintiff knew of this conveyance changing the status of the property, and should have tendered the money to the defendant grantee.

(*c*) The second tender, made at the trial, was insufficient, for the additional reason that it was made merely in the form of a draft drawn on the bank of another State, payable to the order of

the defendant, and unindorsed. Whether or not such a draft could constitute a valid tender, in lieu of a legal tender by money, on the theory that the failure of the defendant to object to the form of the tender constituted a waiver of legal tender, still, under the requirement either that a continuous good tender be made or that the actual money be paid into court, the mere deposit of such a draft with the clerk would not under any view suffice, since the draft was not indorsed, since its payment could be stopped or refused, and since there was no showing that the plaintiff had sufficient funds on deposit with the drawee bank for payment of the draft. As to the requirements of a valid tender or waiver of legal tender, see Code, § 20-1105; *Clower* v. *Fleming,* supra; *Baldwin* v. *McLendon,* 164 *Ga.* 387 (2), 390 (138 S. E. 775); *Roberts* v. *Mayer,* 191 *Ga.* 588 (2), 590 (13 S. E. 2d, 382), and cit.; *Holland* v. *Mutual Fertilizer Co.,* 8 *Ga. App.* 714 (2, 3), 717 (70 S. E. 151); *Manry* v. *Phœnix Mutual Life Insurance Co.,* 42 *Ga. App.* 24 (2), 27, 29 (155 S. E. 43); *Jones* v. *Peacock,* 29 *Ga. App.* 240 (114 S. E. 646); and cit.

■ Under the preceding holdings, the court did not err in refusing a new trial, or err in directing the verdict. There is no merit in other special grounds—one as to the exclusion of oral testimony that the plaintiff made a tender to the county in October, 1941, since the identical facts were stipulated by both parties, and such facts have been here held ineffective to revest the required title in the plaintiff or to show a valid tender, for the reasons stated. As to the other ground—the exclusion of testimony that $1,000 had been tendered to the county before the previous equity suit was filed, the rule of res judicata precluded the plaintiff from relying in the present suit on such a tender, since it could have been shown in the previous suit.

■ Since, under the foregoing rulings, the verdict for the defendant was demanded, and the judge did not err in so directing, it is unnecessary to consider the contention that the plaintiff, for additional reasons, was precluded from a recovery.

*Judgment affirmed. All the Justices concur.*